08-1105-cr
Yauri v. United States

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2008

(Submitted: November 20, 2008        Decided: March 12, 2009)

Docket No. 08-1105-cr

-------------------------------------

UNITED STATES OF AMERICA,

Appellee,

- v. -

LUIS H. YAURI,

Defendant-Appellant.

-------------------------------------

Before:    SACK and WESLEY, Circuit Judges, and KAHN, District
Judge.[*]

Appeal from a judgment of the United States District Court for the Eastern District of New York. The district court (Sterling Johnson, Jr., Judge) sentenced the defendant principally to a 51-month term of incarceration pursuant to his plea of guilty to one count of money laundering. On appeal, the defendant argues that the assistance of his sentencing counsel was unconstitutionally ineffective because counsel failed to challenge two aspects of the pre-sentence report: (1) its omission of a two-level global plea reduction and (2) its

_____

[*] The Honorable Lawrence E. Kahn, of the United States District Court for the Northern District of New York, sitting by designation.

calculation of the loss amount. We agree with the parties that it is appropriate to vacate and remand for resentencing because of the first error. We direct the district court to consider the second ineffectiveness claim on remand.

Vacated and remanded.

BENTON J. CAMPBELL, United States Attorney, Eastern District of New York (David C. James, Bonnie S. Klapper, Assistant United States Attorneys, <u>of counsel</u>), Brooklyn, New York, <u>for Appellee</u>.

GLENN A. OBEDIN, Bassett & Bassett, P.C., Central Islip, New York, <u>for Appellant</u>.

PER CURIAM:

Luis H. Yauri appeals from a judgment of the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., <u>Judge</u>). The court entered the judgment of conviction following Yauri's guilty plea to one count of money laundering in violation of 18 U.S.C. § 1956(a)(2)(B)(i). The court sentenced Yauri principally to a 51-month term of incarceration. On appeal, Yauri argues that his sentencing counsel's assistance was unconstitutionally ineffective because counsel failed to challenge two aspects of the pre-sentence report: (1) its omission of a two-level global plea reduction and (2) its calculation of the loss amount. The government concedes that the former omission constituted ineffective assistance. The parties ask us to vacate and remand the cause to the district court for resentencing. We will do so. We also direct the

2

district court to consider the second ineffectiveness claim on remand.

## BACKGROUND

Yauri was the proprietor of a money remitting business that assisted in the structured transfer of drug proceeds from Queens, New York to Colombia between September 2, 2003, and June 19, 2006.  In February 2007, Yauri was arrested along with 20 other defendants implicated in money laundering.  He was charged with money laundering in violation of 18 U.S.C. § 1956(a)(2)(B)(i).

In March 2007, the government extended a "global" plea offer to the defendants, which Yauri accepted.  According to their plea agreement, the "estimate[d] . . . likely adjusted offense level under the Guidelines [was] . . . level 18," including offense calculations based on a loss amount of "more than $30,000" in laundered funds and a two-level reduction in the event of a "global disposition."[**]  The estimated offense level corresponds to a range of imprisonment of 27 to 33 months.

On June 15, 2007, Yauri pleaded guilty pursuant to the plea agreement before Magistrate Judge Steven M. Gold.  The government acknowledged that the "global disposition" condition specified in the plea agreement had been satisfied.  Loss amount was not discussed during the plea proceedings.

---

[**] There was a "global disposition" for purposes of the plea agreement if ten or more identified and separately indicted defendants pleading guilty on or before May 1, 2007.

A Pre-Sentence Investigation Report ("PSR") was then prepared by the probation office. The PSR reflected a calculation of a total offense level of 23. The difference between that level and the offense level of 18 referred to in the plea agreement resulted from (1) an increase of ten levels for loss amount (rather than six, as in the plea agreement), on the rationale that "[t]he defendant is accountable for the laundering of $154,108"; (2) omission of the two-point global disposition reduction; and (3) a three-point (rather than a two-point) reduction for timely acceptance of responsibility. According to the PSR calculations, the defendant's criminal history category was II because he committed the instant offense while serving a sentence for a state conviction. The applicable Guidelines range was 51 to 63 months.

On January 8, 2008, a sentencing hearing was held before the district court. Neither the government's nor the defendant's counsel at the sentencing hearing had attended the plea hearing. Yauri's sentencing counsel made three arguments: (1) the defendant should be in criminal history category I, not II; (2) the district court should downwardly depart from the applicable Guidelines range in light of the defendant's family circumstances; and (3) the district court should downwardly depart from the applicable Guidelines range in light of various aspects of the offense conduct. The court rejected those arguments.

4

Yauri's counsel failed to challenge the PSR's omission of a two-point reduction for the occurrence of a "global disposition," however. With respect to loss amount, counsel stated that "[t]he amount of structuring that [Yauri] is guilty of and which he actually pled guilty to is $154,000" -- the amount stated in the PSR -- even though the plea agreement set the amount of laundered funds only at "more than $30,000" and the defendant never allocuted to a specific loss amount.

The district court sentenced the defendant to a 51-month term of incarceration, to be followed by a 3-year term of supervised release, and a $100 special assessment. Yauri appeals.

**DISCUSSION**

Yauri and the government agree that the failure of Yauri's counsel to call the sentencing court's attention to the applicable two-level reduction for "global disposition" constitutes an unconstitutionally ineffective assistance of counsel. They therefore agree that this cause should be remanded to the district court for resentencing of the defendant. We, too, agree and we therefore remand. The government does not concede ineffectiveness with respect to the second alleged failure of sentencing counsel, however.

Despite a "baseline aversion to resolving ineffectiveness claims on direct review," United States v. Williams, 205 F.3d 23, 35 (2d Cir.), cert. denied, 531 U.S. 885 (2000) (quoting United States v. Salameh, 152 F.3d 88, 160-61 (2d

5

Cir. 1998)), we "may, in [our] discretion, entertain an ineffective assistance of trial counsel claim on direct appeal in a narrow category of cases where: (1) as here, the defendant has a new counsel on appeal; and (2) argues no ground of ineffectiveness that is not fully developed in the trial record," id. (internal quotation marks omitted).

We have before us an insufficient record upon which to resolve the loss amount ineffectiveness claim. The resolution of the claim is not therefore "beyond any doubt," nor have we been given any reason to conclude that direct review is required "in the interest of justice." United States v. Khedr, 343 F.3d 96, 100 (2d Cir. 2003) (internal quotation marks omitted). We therefore decline to exercise direct review of the claim.

Ordinarily, we would not remand the claim to the district court either. A collateral proceeding under 18 U.S.C. § 2255 is the preferred method for such a challenge. See United States v. Doe, 365 F.3d 150, 152 (2d Cir.), cert. denied, 543 U.S. 975 (2004). We acknowledged in Doe, however, that "circumstances may arise in which a remand for further factfinding . . . might be the better way to address an ineffectiveness claim." Id. at 155. We think this case presents such a circumstance. Inasmuch as it is already being returned to the district court, with the government's consent, for consideration of one ineffectiveness of counsel claim, we think that efficiency will be served if the court addresses the second ineffectiveness claim too. That seems to us preferable to

6

requiring separate, perhaps otherwise unnecessary, proceedings to resolve the second claim.

We therefore remand the loss amount ineffectiveness claim for development of the record and adjudication by the district court in the first instance.

**CONCLUSION**

For the foregoing reasons, the cause is remanded to the district court for consideration of both claims of ineffective assistance of counsel, and for resentencing to the extent the district court deems warranted.