SUMMARY ORDER
Defendant Dennis Stahl was convicted, after a jury trial, of one count of knowingly possessing materials containing images of child pornography, see 18 U.S.C. § 2252(a)(4)(B), and three counts of receiving such materials, see id. § 2252(a)(2). He was sentenced principally to 84 months’ imprisonment and ten years’ supervised release. On appeal, Stahl challenges (1) the sufficiency of the evidence supporting his conviction on these counts, and (2) the effectiveness of trial counsel. On the last point, he faults the district court for declining to hold an evidentiary hearing. We assume the parties’ familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.
1. Sufficiency of the Evidence
Stahl contends that the trial evidence was insufficient to prove that he, rather than a third party, was the person responsible for receiving and possessing the images in question. In making this argument, Stahl bears a heavy burden because, although we review sufficiency challenges de novo, we must view the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor. See United States v. Hassan, 542 F.3d 968, 980-81 (2d Cir.2008); United States v. Tran, 519 F.3d 98, 105 (2d Cir.2008). We will reverse only if we conclude that “no rational factfinder could have found the crimes charged proved beyond a reasonable doubt.” United States v. Tran, 519 F.3d at 105 (internal quotation marks omitted). That is not this case.
As the district court observed in denying Stahl’s Rule 29 motion, the jury convicted “solely on those counts with respect to which they were provided hard copies of computer logs demonstrating defendant’s personal use of his computer immediately surrounding the download of the charged images.” Feb. 27, 2008 Tr. at 8. In addition, the evidence demonstrated, inter alia, that Stahl subscribed in his own name to a website that provided images that were subsequently exchanged to obtain images of child pornography, and that communications regarding child pornography were initiated from a computer belonging to Stahl’s employer. Id. at 12. *33 This evidence provided the jury with ample ground for concluding beyond a reasonable doubt that Stahl was responsible for receiving and possessing the images for which he was convicted. Finally, the fact that the jury acquitted Stahl on counts not supported by evidence of the type described above in no way undermines the jury’s verdict on the other counts, which were so supported. See United States v. Powell, 469 U.S. 57, 66-69, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984).
2. Ineffective Assistance Challenges
In a post-trial Rule 33 motion for a new trial, Stahl argued that trial counsel was ineffective principally for failing to call a computer expert to testify that a third-party could have remotely accessed Stahl’s computer and used it to download child pornography without Stahl’s knowledge. On appeal, Stahl contends that the district court erred both in (1) declining to conduct a hearing on this motion, and (2) denying it. We disagree.
Rule 33 relief is warranted only if “it would be a manifest injustice to let the guilty verdict stand,” and, to satisfy this standard, the district court “must harbor a real concern that an innocent person may have been convicted.” United States v. Guang, 511 F.3d 110, 119 (2d Cir.2007) (internal quotation marks and citations omitted). We review denial of a Rule 33 motion only for abuse of discretion. We review a claim of ineffective assistance of counsel de novo. See id.
“Despite a baseline aversion to resolving ineffectiveness claims on direct review, we may ... entertain an ineffective assistance of trial counsel claim on direct appeal in a narrow category of cases where: (1) as here, the defendant has a new counsel on appeal; and (2) argues no ground of ineffectiveness that is not fully developed in the trial record.” United States v. Yauri, 559 F.3d 130, 132-33 (2d Cir.2009) (internal quotation marks and citations omitted). We have also indicated a willingness to do so when the resolution of such claims is “beyond any doubt.” United States v. Khedr, 343 F.3d 96, 100 (2d Cir.2003) (internal quotation marks omitted). Because Stahl’s ineffective assistance claim is clearly without merit and calls for no additional development of the record, we address it here.
To demonstrate ineffective assistance of counsel, a defendant must show both (1) that counsel’s performance was objectively unreasonable and (2) that, but for counsel’s unprofessional errors, the result of the proceedings would have been different. See Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As the district court correctly concluded, the purported deficiencies identified by Stahl do not satisfy this standard.
With respect to counsel’s failure to call a computer expert to testify regarding the potential for remote access to Stahl’s computer, we agree with the district court that, “[gjiven the specific evidence the government adduced against defendant in this case, the record conclusively establishes that trial counsel’s strategic choice” to focus the defense on Stahl’s brother “was the correct one,” and, indeed, was “far more persuasive” than the defense that would have been supported by the proposed computer expert, i.e., the “remote-hacker defense.” Feb. 27, 2008 Tr. at 11. See Henry v. Poole, 409 F.3d 48, 63 (2d Cir.2005) (“Actions or omissions by counsel that might be considered sound trial strategy do not constitute ineffective assistance.” (internal quotation marks omitted)). Even if Stahl could demonstrate that this strategic choice was objectively unreasonable, however, we further agree that he cannot demonstrate that the “remote-hacker defense” — even one that also *34 focused on Stahl’s brother — would have led to an acquittal on the four counts on which he was convicted. As noted earlier, Stahl was convicted only on counts supported by evidence that “uniquely tied [him] to the prohibited conduct.” Feb. 27, 2008 Tr. at 13. Thus, even assuming that, with the aid of expert testimony, Stahl could have plausibly argued that a remote third-party could, have used his computer to download images, such a defense could not have accounted for the “powerfully incriminating evidence specifically identifying [Stahl] as the person actually using the computer at the very time the pornographic images that were the subjects of the counts of conviction were downloaded.” Id. at 16-17 (emphasis added). His ineffective assistance claim therefore fails.[1]
In sum, we conclude that the district court did not abuse its discretion in denying the Rule 33 motion or in declining to hold an evidentiary hearing, and hold that Stahl’s ineffective assistance claims are without merit.
3. Conclusion
We have considered Stahl’s other arguments and find them to be without merit. For the foregoing reasons, the judgment of conviction is AFFIRMED.

. The two other purported failings of trial counsel cited by Stahl on appeal — that counsel failed to object to improper expert testimony or to exploit evidence indicating that Stahl's brother was involved in the destruction of evidence — do not satisfy Strickland for this same reason. Stahl identifies no specific prejudice arising out of the admittance of the purportedly improper expert testimony, and while evidence that Stahl's brother destroyed evidence might have supported an inference that his brother was aware of or even involved in Stahl's activities, it would not have absolved Stahl from responsibility with regard to the four counts of conviction in light of the evidence discussed above. Moreover, it is far from clear that, had defense counsel attempted to demonstrate that Stahl's brother deleted files from Stahl's computer, the evidence would have supported that assertion. See Sentencing Tr. at 10 (finding "much more sensible” the conclusion that when "defendant got home that night ... his brother told him about [the investigation] and that the deletions started on that night”).