09-3572-cr
*USA v. Morales (Tucker)*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of September, two thousand and ten.

PRESENT: ROGER J. MINER,
         PIERRE N. LEVAL,
         RICHARD C. WESLEY,
                  *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                  *Appellee,*

         -v.-                                    09-3572-cr

VON TUCKER, also known as Face, also known as C.O. Miller,

                  *Defendant-Appellant.*[*]

---

---

[*]The Clerk of the Court is respectfully directed to amend the official caption to conform with the caption above.

FOR APPELLANT:       LOUIS M. FREEMAN, Freeman Nooter &
                     Ginsberg, New York, NY.

FOR APPELLEE:        JESSE M. FURMAN, Assistant United States
                     Attorney, (Alexander J. Willscher,
                     Assistant United States Attorney, *of
                     counsel*) for Preet Bharara, United States
                     Attorney for the Southern District of New
                     York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Scheindlin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant-appellant Von Tucker ("Appellant") appeals from a judgment of the United States District Court for the Southern District of New York (Scheindlin, *J.*), entered on August, 10, 2009, convicting him of conspiracy to distribute and possession with intent to distribute, fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 846, 841(b)(1)(A); possession with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A), 2; and intentional murder in furtherance of a continuing narcotics trafficking enterprise in violation of 21 U.S.C. § 848(e)(1)(A), 18 U.S.C. § 2.  We

assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Appellant's sole argument on appeal is that he received ineffective assistance of counsel at trial. Appellant alleges that his trial counsel abused drugs while representing him, which resulted in, an actual conflict of interest. Appellant further alleges that his trial counsel committed at least five separate errors that prejudiced the outcome of his trial. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 693–94 (1984).

This Court has "expressed a baseline aversion to resolving ineffectiveness claims on direct review." *United States v. Khedr*, 343 F.3d 96, 99 (2d Cir. 2003)(internal quotation marks and citations omitted). The Supreme Court has held that, "in most cases a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective assistance" because the district court is "the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial." *Massaro v. United States*, 538 U.S. 500, 504, 505 (2003). Moreover, "the allegedly ineffective attorney should generally be given the opportunity to explain the

conduct at issue." *Khedr,* 343 F.3d at 100. Consequently, "few such claims will be capable of resolution on direct appeal." *Massaro*, 538 U.S. at 507.

Although we may entertain an ineffective assistance claim on direct review, *United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003), we generally will only do so when the "factual record is fully developed and resolution of the Sixth Amendment claim on direct appeal is 'beyond any doubt' or 'in the interest of justice.'" *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004)(quoting *Khedr*, 343 F.3d at 100). If the record is insufficiently developed, "a collateral proceeding under 18 U.S.C. § 2255 is the preferred method for such a challenge." *United States v. Yauri*, 559 F.3d 130, 133 (2d Cir. 2009) (per curiam).

Here, Appellant's claim that his trial counsel abused drugs cannot properly be evaluated on the record before us; all of Appellant's factual allegations in support of this claim are outside the record on appeal. *See* Fed. R. App. P. 10. Appellant's additional claims, the majority of which allege a failure by his trial counsel to interview and/or call as defense witnesses certain persons identified by Appellant in preparation of trial, are similarly incapable

4

of resolution.  The trial record does not reflect these alleged errors of omission, and their potential effect (or lack thereof) on the trial outcome is speculative.  Thus, we cannot say that resolution of Appellant's ineffective assistance claim is "beyond any doubt," nor have the parties persuaded us that review is required "in the interest of justice."  *Gaskin*, 364 F.3d at 468.  We therefore decline to adjudicate Appellant's ineffective assistance claim at this time.  In addition, Appellant's motion to expand the record is denied.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk