14-625(CON)
*United States v. Hernandez-Cardona*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand fifteen.

PRESENT:   JOSÉ A. CABRANES,
           JON O. NEWMAN,
                   *Circuit Judges,*
           STEFAN R. UNDERHILL,
                   *District Judge.*[*]

UNITED STATES OF AMERICA,

       *Appellee,*                             No.    14-625(CON)
       v.

YINO HERNANDEZ-CARDONA, AKA SEALED
DEFENDANT 1, AKA GINO,

       *Defendant-Appellant.*[†]

**FOR YINO HERNANDEZ-CARDONA:**          Bernard Alan Seidler, Law Office of
                                         Bernard Alan Seidler, New York, NY.

---

[*] Stefan R. Underhill, United States District Judge for the District of Connecticut, sitting by designation.

[†] The Clerk of Court is directed to amend the caption of this appeal as indicated above.

**FOR THE UNITED STATES OF AMERICA:**    Jennifer E. Burns, Karl N. Metzner, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Deborah A. Batts, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Defendant Yino Hernandez-Cardona appeals from the District Court's February 24, 2014 judgment convicting him, after his guilty plea, of one count of conspiring to import a controlled substance into the United States in violation of 21 U.S.C. § 963, and sentencing him to a term of 130 months' incarceration. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Hernandez-Cardona argues that he "was the victim of ineffective assistance of counsel in connection with [his] pleading and sentencing" for two reasons. First, he asserts that he "was advised by counsel that if he provided the Government with information that would lead to the arrest of another criminal participant [he] would receive[ ] a [U.S.S.G. §] 5K1.1 letter in connection with his sentencing," but that he never received any such letter, despite having "provided the Government with information."[1] Second, he contends that, "[a]t sentencing, . . . [his] trial attorney made no effort to enforce [his] right to cooperation credit."

"When a claim of ineffective assistance of counsel is raised on direct appeal, we may: (1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." *United States v. Kimber*, 777 F.3d 553, 562 (2d Cir. 2015) (internal quotation marks omitted). With regard to the third option, "[t]his court has expressed a baseline aversion to resolving ineffectiveness claims on direct review." *United States v. Lee*, 549 F.3d 84, 95 (2d Cir. 2008) (alterations and internal quotation marks omitted); *see also United States v. Iodice*, 525 F.3d 179, 186 (2d Cir. 2008) ("[W]e generally decline to resolve ineffectiveness claims on direct review and instead leave consideration of the claims for a subsequent habeas petition.") (alterations and internal quotation marks omitted).

---

[1] Section 5K1.1 of the United States Sentencing Guidelines provides in part that, "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." U.S.S.G. § 5K1.1.

This "aversion" is in part explained by the Supreme Court's observation that "the district court . . . [is] the forum best suited to developing the facts necessary to determining the adequacy of representation," as the district court "may take testimony from witnesses for the defendant and the prosecution and from the counsel alleged to have rendered the deficient performance." *Massaro v. United States*, 538 U.S. 500, 505 (2003).

It is true that "[t]his [C]ourt has . . . entertained ineffective assistance claims for the first time on direct appeal when their resolution is beyond any doubt or to do so would be in the interest of justice." *United States v. Khedr*, 343 F.3d 96, 100 (2d Cir. 2003) (internal quotation marks omitted). For example, "resolution of [a defendant's] ineffective assistance claim on direct appeal [may be] appropriate [where] the claim depends entirely on a legal question," *Kimber*, 777 F.3d at 562, or where there is "a well-developed record on appeal resulting from the fact that the ineffective assistance issue was fully developed at trial," *United States v. Griffiths*, 750 F.3d 237, 241 n.4 (2d Cir. 2014). But "these requirements are not met here," and we therefore "decline to review [defendant's] ineffectiveness claim at this point." *United States v. Lee*, 549 F.3d 84, 95–96 (2d Cir. 2008); *see also United States v. Yauri*, 559 F.3d 130, 133 (2d Cir. 2009) ("declin[ing] to exercise direct review" of a defendant's ineffectiveness claim where the record was "insufficient"). Should defendant so choose, he may seek relief under Section 2255, the "preferable" mechanism "for deciding claims of ineffective assistance." *Massaro*, 538 U.S. at 504.

## CONCLUSION

For the reasons set forth above, we dismiss without prejudice to a timely filed motion under Section 2255 defendant's claim for ineffective assistance of counsel. Accordingly, the District Court's February 24, 2014 judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk