15-885-cr
United States v. Jeremy F. Viles

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of August, two thousand sixteen.

PRESENT:
        DEBRA ANN LIVINGSTON,
        SUSAN L. CARNEY,
            *Circuit Judges.*
        TIMOTHY C. STANCEU,
            *Judge.*[*]

_____

United States of America,

      *Appellee*,

    v.                              **15-885-cr**

Jeremy F. Viles,

      *Defendant-Appellant.*

_____

| | |
|---|---|
| **FOR DEFENDANT—APPELLANT:** | Mary Anne Wirth, Bleakley Platt & Schmidt, LLP, White Plains, NY. |
| **FOR APPELLEE:** | Preet Bharara, United States Attorney for the Southern District of New York, Attorney for the |

---

[*] The Honorable Timothy C. Stanceu, Chief Judge of the United States Court of International Trade, sitting by designation.

United States of America; George Turner, Sarah Eddy McCallum, Assistant United States Attorneys.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Jeremy F. Viles ("Viles") appeals from the March 24, 2015 judgment of conviction entered by the United States District Court for the Southern District of New York (Karas, *J.*), following his guilty plea to mail fraud in violation of 18 U.S.C. § 1341. Viles argues on appeal that his lawyer afforded him ineffective assistance, in violation of his Sixth Amendment rights, in deciding whether to accept the plea offer. In particular, Viles alleges that his counsel was ineffective in advising him to accept the plea agreement with a stipulated guidelines range based in part on a criminal history that included three prior convictions arising from conduct that, Viles maintains, was part of the offense of conviction. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Viles pleaded guilty pursuant to a plea agreement that contained the following appeal waiver:

> [T]he defendant will not file a direct appeal . . . of any sentence within or below the Stipulated Guidelines Range of 27 to 33 months' imprisonment . . . Notwithstanding the foregoing, nothing in this Agreement shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise. Rather, it is expressly agreed that the defendant reserves those rights.

App'x 74-75. He was sentenced principally to 27 months' imprisonment.

The terms of Viles's plea agreement preserve his claim. When faced with a claim of ineffective assistance of counsel on direct appeal, we have three options. This panel may "(1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the

district court for necessary factfinding; or (3) decide the claim on the record before us." *United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003). Although we have a "baseline aversion to resolving ineffectiveness claims on direct review," *United States v. Yauri,* 559 F.3d 130, 132-33 (2d Cir. 2009) (quoting *United States v. Williams*, 205 F.3d 23, 35 (2d Cir. 2000)), we will entertain an ineffective assistance of trial counsel claim on direct appeal when "the defendant [1] has a new counsel on appeal; and [2] argues no ground of ineffectiveness that is not fully developed in the trial record." *Id*. (quoting *Williams*, 205 F.3d at 35). We may consider ineffective assistance claims on direct appeal when their resolution is "beyond any doubt" or "in the interest of justice." *Id*. (quoting *United States v. Khedr,* 343 F.3d 96, 100 (2d Cir. 2003)).

Here, Viles has new counsel on appeal and contends that the record is fully developed. We agree that the resolution of his claim is "beyond any doubt." *Id.* Accordingly, we proceed to the merits, reviewing Viles's claim *de novo*. *See United States v. Guang*, 511 F.3d 110, 119 (2d Cir. 2007). "Ineffective assistance of counsel during plea negotiations can invalidate a guilty plea and make granting withdrawal appropriate, to the extent that the counsel's deficient performance undermines the voluntary and intelligent nature of defendant's decision to plead guilty." *United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005). In order to establish such prejudice, "the defendant must show that there is a reasonable probability that were it not for counsel's errors, he would not have pled guilty and would have proceeded to trial." *Id*. (citing *Hill v. Lockhart,* 474 U.S. 52, 59 (1985)). Where, as here, "defendant's specific claim is that counsel [] misled him as to the possible sentence which might result from a plea of guilty, . . . the issue is whether the defendant was aware of actual sentencing possibilities, and if not, whether accurate information would have made any difference in his decision to enter a plea." *Ventura v. Meachum,* 957 F.2d 1048, 1058 (2d Cir. 1992) (internal quotation marks omitted).

* * *

Even assuming that counsel's representation "fell below an objective standard of reasonableness," Viles cannot "affirmatively prove prejudice." *Strickland v. Washington*, 466 U.S. 668, 687-88, 693 (1984). Simply put, Viles provides no reason as to why he would have made a different choice when faced with a plea agreement stipulating a lower guidelines range. For instance, Viles has not pointed to a large disparity between his advised and actual sentencing exposure. *See United States v. Gordon*, 156 F.3d 376, 381 (2d Cir. 1998). Nor could he, as there is a discrepancy of — at most — six months between the guidelines range contained in the plea agreement, 27-33 months' imprisonment, and the range calculated with the challenged prior convictions considered as part of the offense of conviction. *Cf. Gordon,* 156 F.3d at 381 (noting that "great disparity" between defendant's advised and actual sentencing exposure may constitute "objective evidence" of ineffective assistance).

Viles speculates that, with a lower guidelines range in his plea agreement, the district court might have assigned a lesser sentence. But this argument fails to establish "that accurate information would have made a difference in [Viles's] decision to enter a plea." *Arteca*, 411 F.3d at 321. To the contrary, the circumstances of Viles's plea agreement "indicate no such probability" of prejudice. *Id*. The agreement reflects the fact that Viles knew that the agreement's guidelines calculation did not bind the district court,[1] and that the district court could sentence him up to the statutory maximum. *See id*. Viles also gained a two-level

---

[1] Relatedly, Viles's agreement states that he would have no right to withdraw his plea of guilty if the district court imposed a sentence outside the guidelines range stipulated in the plea agreement. This provision underscored the fact that the stipulated guideline range would in no way bind the district court.

reduction as a result of his guilty plea.[2] *See id*. Finally, Viles "has not provided any persuasive reason for doubting the strength of the government's case against him." *Id*. For these reasons, Viles has failed to make the requisite showing.

We have reviewed Viles's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] In addition, the plea agreement stipulates to a loss amount below $200,000, resulting in a 10-level enhancement, despite the fact that Viles had attempted to deposit over $1 million in fraudulent funds during the course of the scheme, a loss amount which would have resulted in a 16-level enhancement. This stipulation provided another incentive to plead guilty, rather than proceed to a trial in which the Government could prove the full loss amount. It also gives this panel one more reason to doubt Viles's contention that, but for the allegedly ineffective performance of counsel, he would not have entered into the plea agreement.