16-2839
United States v. Legrier

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15ᵗʰ day of May, two thousand nineteen.

PRESENT:  JON O. NEWMAN
          DENNIS JACOBS,
          CHRISTOPHER F. DRONEY,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,

          Appellee,

          -v.-                                    16-2839

DESHAWN LEGRIER,

          Defendant-Appellant.*
- - - - - - - - - - - - - - - - - - -X

---

* The Clerk of Court is respectfully directed to amend the official caption to conform with the above.

FOR APPELLANT:  Gwen M. Schoenfeld, Law Office of Gwen M. Schoenfeld, LLC.

FOR APPELLEE:  Hagan Scotten (with Won S. Shin on the brief), for Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Abrams, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant-Appellant Deshawn Legrier appeals from a judgment of the United States District Court for the Southern District of New York (Abrams, J.), sentencing him principally to 120 months' imprisonment on one count of possession of a firearm after having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).   At sentencing, the district court designated Legrier's 2007 conviction for attempted criminal possession of a weapon in the second degree (N.Y. Penal Law §§ 265.03(1)(b) and 110) as a "crime of violence" under the residual clause of the United States Sentencing Guidelines § 4B1.2, resulting in a four-level increase in Legrier's guidelines range.   Legrier claims he was deprived of his Sixth Amendment right to effective assistance of counsel at sentencing because his attorney: (1) failed to object on the ground that Second Circuit law at the time of his sentencing had invalidated the residual clause of § 4B1.2; and (2) failed to alert the district court that an amendment to the guidelines that eliminated the residual clause in § 4B1.2 was going into effect five days after his sentencing.   We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

A claim of ineffective assistance of counsel requires a demonstration that: (1) "counsel's performance was deficient"; and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984).   In determining whether a defendant was prejudiced by counsel's performance, we

2

focus on whether the "result of the proceeding was fundamentally unfair or unreliable." Lockhart v. Fretwell, 506 U.S. 364, 369 (1993).

This court is generally reluctant to entertain ineffective assistance claims on direct appeal. United States v. Gaskin, 364 F.3d 438, 467 (2d Cir. 2004). However, direct appellate review is appropriate if "the defendant has a new counsel on appeal," United States v. Yauri, 559 F.3d 130, 133 (2d Cir. 2009), "the factual record is fully developed[,] and resolution . . . is beyond any doubt or in the interest of justice," Gaskin, 364 F.3d at 468 (internal quotation marks omitted).

**1.** Legrier argues that his counsel should have objected to the court's classification of his state conviction as a crime of violence under the residual clause of § 4B1.2 because, at the time of his sentencing, this Court had declared the residual clause of § 4B1.2 unconstitutionally vague. See United States v. Welch, 641 F. App'x 37, 42-43 (2d Cir. 2016) (summary order); see also United States v. Jones, No. 15-1518-cr, slip op. at 17 (2d Cir. July 21, 2016) (citing Welch and noting that the residual clause "is likely void for vagueness"), vacated, 838 F.3d 296 (2d Cir. 2016). However, after his sentencing, the Supreme Court upheld the residual clause against a vagueness challenge, overturning our contrary decisions. See Beckles v. United States, 137 S. Ct. 886, 892 (2017). A defendant suffers no cognizable Strickland prejudice if counsel fails to raise an argument that may have resulted in a lower prison sentence under then-valid law that is later overruled. See Fretwell, 506 U.S. at 366 (finding no prejudice where counsel failed to make "an objection that would have been supported by a decision which subsequently was overruled"). Legrier is not entitled "to have the [district] court make an error in his favor." Id. at 371.

Accordingly, Legrier has failed as a matter of law to demonstrate that he was prejudiced by his lawyer's failure to object on the ground that his state conviction was not a crime of violence under then-current Second Circuit law.

**2.** Legrier also claims that his counsel was deficient for failing to alert the district court that a guidelines amendment that eliminated the residual clause of § 4B1.2 would be going into effect five days after his sentencing. That amendment was in fact effected on August 1, 2016, and § 4B1.2 no longer contains the residual clause under which Legrier's guidelines were calculated. See U.S.S.G., App. C., amend. 798 (Aug. 1, 2016). Because this argument does not rely on precedent that was later overturned, it is not precluded by Fretwell. However, this ineffectiveness argument is inappropriate to review on direct appeal, because it may require additional fact finding. See Gaskin, 364 F.3d at 468. Accordingly, we dismiss without prejudice to a motion under 28 U.S.C. § 2255 Legrier's claim for ineffective assistance based on his lawyer's failure to alert the court to the forthcoming amendment to the guidelines.

****

As to Legrier's claims of ineffective assistance of counsel at sentencing, one is denied and the other is dismissed without prejudice. The judgment of the District Court is hereby affirmed.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK