18-288; 18-3703
*United States v. Sandford*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of May, two thousand twenty.

Present:
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> JOSEPH F. BIANCO,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

     *Appellee*,

    v.                                     18-288
                                             18-3703

JAMES EDWARD SANDFORD, III, AKA MALICE,

     *Defendant-Appellant*,

EDWARD M. SANDFORD, AKA EDDIE,

     *Defendant*.

_____

For Appellee:                    BRETT A. HARVEY (Tiffany H. Lee, *on the briefs*), Assistant United States Attorneys, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Rochester, NY

For Defendant-Appellant: ROBERT WALTER WOOD, Law Office of Robert W. Wood, Rochester, NY

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART and REMANDED**.

James Edward Sandford, III, appeals from a January 29, 2018 judgment and a December 7, 2018 order. Sandford was charged with ten counts related to possession and distribution of synthetic marijuana in violation of 21 U.S.C. §§ 841, 846, 859, and 860, and one count each of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i), being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), possession of a stolen firearm in violation of 18 U.S.C. § 922(j), and witness tampering in violation of 18 U.S.C. § 1512(b)(1). Following trial, the jury deadlocked on all of the drug-related charges, including possession of a firearm in furtherance of a drug trafficking crime. But the jury convicted Sandford on the other two firearms charges and witness tampering. The district court ultimately imposed a total sentence of 156 months of imprisonment and a $1,000 fine. On appeal, Sandford challenges certain evidentiary rulings at trial, the jury instruction as to the felon in possession count, the district court's calculation and explanation of his sentence and fine, and the effectiveness of his counsel during the plea-bargaining process. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I.      **Evidentiary Rulings**

Sandford challenges two of the district court's evidentiary rulings at trial. First, he claims that the district court erred by allowing Sandford's wife, Alisha Wheeler, to testify that Sandford

2

sold heroin before selling synthetic marijuana. Second, Sandford contends that the district court erred in admitting certain Facebook posts wherein he defended his selling of synthetic marijuana. Specifically, Sandford argues that both were improperly admitted under Federal Rule of Evidence 404, as the testimony regarding the heroin sales amounted to evidence of a prior crime and the Facebook posts were used as character evidence. Evidentiary rulings are reviewed for abuse of discretion. *United States v. Lebedev*, 932 F.3d 40, 49 (2d Cir. 2019).

Turning first to Wheeler's testimony about Sandford's prior acts of narcotics trafficking, we find no abuse of discretion in the district court's decision to allow her testimony. Sandford's defense at trial was that he did not know that synthetic marijuana was illegal. But Wheeler's testimony established that he had involved his wife in trafficking illicit narcotics and continued to involve her in largely the same manner when trafficking synthetic marijuana. As the district court concluded, her testimony regarding their past relationship and how it developed was relevant to the disputed issue of Sandford's knowledge that synthetic marijuana, like heroin, is a controlled substance. That conclusion was not an abuse of discretion.

Sandford further contends that the admission of certain Facebook posts violated Rule 404(a). Sandford concedes that he failed to object to the admission of this evidence, so we review for plain error. *See* Fed. R. Crim. P. 52(b); *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904–05 (2018). We discern no plain error in the district court's decision to admit the Facebook posts, in which Sandford was criticized for "killing kids" and "destroying their lives" through his sale of synthetic marijuana. 18-288 App'x 216–18.[1] He defended his actions by saying that he

---

[1] "18-288 App'x" refers to the Appendix filed in *United States v. Sandford*, No. 18-288, Doc. Nos. 35–36 (2d Cir. Aug. 28, 2018). "18-3703 App'x" refers to the Appendix filed in *United States v. Sandford*, No. 18-3703, Doc. Nos. 36–37 (2d Cir. May 14, 2019).

"keep[s] the price down" and "feed[s] a lot of friends and family with the money [he] make[s]." 18-288 App'x 216–18. Sandford contends that these posts evince such a high degree of callousness that the jury consequently punished him for that character trait even in the absence of other evidence. But Rule 404(a) only prohibits admitting evidence "to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). The examples given in the 1972 Advisory Committee Notes to Rule 404(a) are illustrative: "evidence of a violent disposition to prove that the person was the aggressor in an affray, or evidence of honesty in disproof of a charge of theft" is not permissible. It is not clear or obvious that disregard for the well-being of others suggests that an individual has a propensity to knowingly deal an illicit substance, particularly where the evidence would otherwise be admissible to prove that Sandford did, in fact, sell synthetic marijuana. *See* Fed R. Evid. 801(d)(2). Thus, the district court did not commit plain error by admitting the Facebook posts.

## II. Jury Instructions

Sandford next argues that his conviction for being a felon in possession of a firearm should be vacated in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019)—an argument he presents for the first time on appeal. Our recent decision in *United States v. Miller*, 954 F.3d 551 (2d Cir. 2020), forecloses this argument. In *Miller*, we held, on plain error review, that a defendant who "stipulate[d] to the existence of his prior felony in order to prevent its details . . . from being placed before the jury" could not successfully mount a *Rehaif* challenge. *Id.* at 558. Similarly, here, "rejecting [Sandford's] argument will [not] seriously affect the fairness, integrity, or public reputation of judicial proceedings" because, looking beyond the trial record, "we have no doubt that, had the *Rehaif* issue been foreseen by the district court, [Sandford] would have stipulated to knowledge of his felon status to prevent the jury from hearing evidence of his actual sentence."

4

*Id.* at 559–60. Indeed, Sandford has three prior felony convictions. For two of these felonies, Sandford ultimately served over one year in prison. In short, *Miller* controls, so Sandford's *Rehaif* claim fails.

### III.    Sentence

Sandford claims that the district court erred in calculating his criminal history score by adding two points for the misdemeanor of aggravated unlicensed operation of a motor vehicle as opposed to one point. The government concedes that, because the maximum sentence for that misdemeanor is thirty days, only one point should have been added. "A district court commits procedural error where it . . . improperly calculates[] the Sentencing Guidelines range," although such an error may be harmless if "the record indicates clearly that the district court would have imposed the same sentence in any event." *United States v. Cramer*, 777 F.3d 597, 600–01 (2d Cir. 2015). It is not clear to us, on the present record, that the district court would have imposed the same sentence if it knew of the error in calculating Sandford's criminal history score. The district court indicated that it believed Sandford's score was 18, one point higher than the erroneous score calculated by the Probation Department and two points higher than Sandford's actual score. Even though Sandford would have fallen into the same criminal history category whether his score was 16 or 18, the district court may not have departed upward so significantly if it correctly calculated Sandford's criminal history score. Accordingly, we remand to the district court for the limited purpose of resentencing Sandford in light of the correct criminal history score. We note, however, that we find no error in the district court's decision to consider the conduct underlying the charges on which the jury deadlocked, *see United States v. Watts*, 519 U.S. 148, 157 (1997) (per curiam), the harm to the community caused by Sandford's trafficking in synthetic marijuana, its finding that Sandford knew that synthetic marijuana was illegal, and Sandford's

5

extensive criminal history in its decision to depart upward. We merely require that the district court assess those factors against the backdrop of a properly calculated criminal history score.

## IV.   Fine

Sandford next argues that the district court failed to consider evidence of his ability to pay in imposing a $1,000 fine and therefore the fine was improperly imposed. We disagree. "[T]he defendant bears the burden to show indigence that will avoid imposition of a fine." *United States v. Corace*, 146 F.3d 51, 56 (2d Cir. 1998). Accordingly, "the sentencing judge must afford the defendant an opportunity to present evidence of his financial inability to pay a fine." *Id.* But where, as here, a defendant refuses to disclose certain information at the sentencing phase, that "lack of disclosure" cannot "work to his advantage on an appeal from that sentence." *United States v. Tocco*, 135 F.3d 116, 133 (2d Cir. 1998). Sandford refused to answer any of the Probation Department's questions regarding his ability to pay, and, while he articulated concerns regarding the possible imposition of a fine in his sentencing memorandum, he failed to provide any evidence supporting his claim. Under these circumstances, we discern no error in the district court's decision to impose a $1,000 fine based on the Probation Department's unchallenged recommendation that such a fine could be paid while Sandford is incarcerated through the Inmate Financial Responsibility Program or while on supervised release. *See United States v. Hernandez*, 85 F.3d 1023, 1031 (2d Cir. 1996) (no plain error where defendant ordered to pay fine out of money earned in prison).

## V.   Ineffective Assistance of Counsel

Finally, Sandford argues that his counsel throughout the plea negotiations—his third counsel in the proceedings—was ineffective. Sandford claims that his counsel failed to inform him that the district court could consider all relevant conduct—including the deadlocked drug

charges—at sentencing, which led Sandford to reject plea offers he otherwise would have accepted. "To demonstrate that counsel was constitutionally ineffective, a defendant must show that counsel's representation 'fell below an objective standard of reasonableness' and that he was prejudiced as a result." *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984)). "We review *de novo* the issues of whether the defendant has met the two prongs of the *Strickland* test; we review the district court's ultimate decision on a Rule 33 motion for abuse of discretion." *United States v. DiTomasso*, 932 F.3d 58, 70 (2d Cir. 2019). Although we usually decline to decide ineffectiveness claims on direct review, we may entertain such claims "where: (1) as here, the defendant has a new counsel on appeal; and (2) argues no ground of ineffectiveness that is not fully developed in the trial record." *United States v. Yauri*, 559 F.3d 130, 133 (2d Cir. 2009) (per curiam) (citation omitted).

Exercising that discretion here, and assuming, *arguendo*, that Sandford's counsel's performance fell below an objective standard of reasonableness, we conclude that Sandford has failed to establish prejudice stemming from his counsel's performance. Sandford admitted that he was fully apprised of the relevant statutory maximum sentences he faced. And Sandford's counsel confirmed that he told Sandford that he could be sentenced to between fifteen- and twenty-five-years' imprisonment. *See United States v. Arteca*, 411 F.3d 315, 321 (2d Cir. 2005) (no prejudice where defendant informed "that in any event the court could impose a sentence . . . up to the statutory maximum of 20 years"). Moreover, Sandford's own testimony regarding whether he would have accepted a plea offer that guaranteed a lower sentence is equivocal at best. Sandford testified both that he was aware that a ten-year sentence was possible and that, "[i]f [he] knew [he] could get more than 70 to 87 months, [he] would have [taken] the 70 to 87 months." 18-3703 App'x 207–08. Accordingly, the district court properly rejected Sandford's "*post hoc*

7

assertions . . . about how he would have pleaded but for his attorney's deficiencies," particularly in the absence of Sandford's failure to produce any "contemporaneous evidence to substantiate" his purported preferences. *Lee*, 137 S. Ct. at 1967.

*     *     *

We have considered Sandford's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM IN PART** the judgment of the district court, and **REMAND** to the district court with instructions to resentence Sandford if, applying the correct criminal history score, it concludes that a different sentence is appropriate.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8