22-2638-cr
*United States v. Perevoznikov*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of April, two thousand twenty-four.

PRESENT:    PIERRE N. LEVAL,
            SARAH A. L. MERRIAM,
            MARIA ARAÚJO KAHN,
                    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

    *Appellee*,

      v.                                                        No. 22-2638-cr

ANTON PEREVOZNIKOV,

    *Defendant-Appellant*,

AKMAL ASADOV; SAYUZ DAIBAGYA;
SHOHRUH SAIDOV, a/k/a Shoma, a/k/a Sean;
MARAT SHADKHIN, a/k/a Mark;
KIRILL SOKHONCHUK,

    *Defendants*.

_____

FOR APPELLEE:                            DANA REHNQUIST (Susan Corkery, *on the brief*),
                                         Assistant United States Attorneys, *for* Breon
                                         Peace, United States Attorney for the Eastern
                                         District of New York, Brooklyn, NY.


FOR DEFENDANT-APPELLANT:                 SUSAN C. WOLFE, Law Office of Susan C.
                                         Wolfe, Riverdale, NY.

Appeal from a judgment of the United States District Court for the Eastern District

of New York (Ross, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,**

**AND DECREED** that defendant's appeal is **DISMISSED**.

Defendant-Appellant Anton Perevoznikov appeals from the judgment of the

District Court convicting him, pursuant to his guilty plea, of one count of "conspiracy to

fail to file export information, smuggle electronic devices, and defraud the United

States," in violation of 18 U.S.C. §371. App'x at 85 (capitalization altered). The District

Court sentenced Perevoznikov principally to "an additional punishment of 18 months" in

addition to the undischarged term of imprisonment he was already serving in another case

arising out of the Eastern District of Pennsylvania (the "Pennsylvania Sentence"). App'x

at 82.[1] We assume the parties' familiarity with the underlying facts, procedural history,

and issues on appeal, to which we refer only as necessary to explain our decision.

_____

[1] The original judgment attempted to achieve this outcome by imposing a sentence of "[t]wenty
four (24) months to commence on the earlier of either when defendant is released from the prior
undischarged sentence, or on April 20, 2024." App'x at 86. Perevoznikov contacted the District
Court in January 2023, explaining that the Bureau of Prisons was treating that as a fully

Perevoznikov argues, and we agree, that the appellate waiver in his plea agreement does not bar him from appealing the imposition of his sentence of 18 months consecutively to, rather than concurrently with, the Pennsylvania Sentence. However, he does not argue that the consecutive nature of the sentence imposed was either procedurally or substantively unreasonable. He makes no argument at all that the District Court erred in imposing the sentence. Instead, Perevoznikov contends that his sentencing counsel was constitutionally ineffective because (1) he did not emphasize the harsh conditions suffered by Perevoznikov at Metropolitan Detention Center Brooklyn during the height of the COVID pandemic, and (2) he "did not respond or object" when the District Court stated that imposing a fully concurrent sentence "would result in attributing no punishment, at all, to Defendant's conviction in this case." Appellant's Br. at 23 (quoting App'x at 81).

"When faced with a claim for ineffective assistance of counsel on direct appeal, we may: (1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. §2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." United States v. Tarbell, 728 F.3d 122, 128 (2d Cir. 2013) (quoting United States v. Morris, 350 F.3d 32, 39 (2d Cir. 2003)). In accordance with our frequent practice, we decline to resolve Perevoznikov's ineffective assistance claim on direct

consecutive sentence; in response, the District Court issued an Amended Judgment simply sentencing Perevoznikov to "[e]ighteen (18) months to run consecutively to an undischarged term of imprisonment imposed in the Eastern District of Pennsylvania." App'x at 99.

3

appeal because the District Court is "the forum best suited to developing the facts necessary to determining the adequacy of representation." Massaro v. United States, 538 U.S. 500, 505 (2003); see also United States v. Matos, 905 F.2d 30, 34 (2d Cir. 1990) (declining to decide an ineffective assistance claim where defense counsel had "not been given an opportunity to show that his conduct was reasonable").[2]

Perevoznikov requests that, if we elect not to decide the merits of his ineffective assistance claim, we should "remand to the district court for further factfinding on the issue," which is an option. United States v. Doe, 365 F.3d 150, 152 (2d Cir. 2004). "The Supreme Court has not squarely addressed . . . the relative merits of resolving ineffectiveness claims by way of remand and direct review or eventual section 2255 motion and appeal." Id. at 153. This Court has remanded for further factfinding where the matter "is already being returned to the district court" for additional proceedings, United States v. Yauri, 559 F.3d 130, 133 (2d Cir. 2009) (per curiam); where the defendant had been released from custody and thus may have been unable to raise the claim by a motion under §2255, United States v. Melhuish, 6 F.4th 380, 399 (2d Cir. 2021); or where we exercised our discretion to remand "given the simplicity" of the claim rather than "dismiss[ing] the appeal and forc[ing] the appellant to use up his only habeas petition," United States v. Leone, 215 F.3d 253, 257 (2d Cir. 2000). It would also be appropriate, and perhaps required, to remand to the district court for development of the claim if, after

---

[2] Given that Perevoznikov does not contend that the sentence imposed is unreasonable, we are hard-pressed to understand how he could establish that counsel was ineffective in representing him in connection with the imposition of that sentence.

substitution of new counsel in the district court, defendant's new counsel had timely moved to vacate a finding of guilt based on ineffective assistance of prior counsel and the district court had improperly refused to allow the development of a record or to rule on the question. See United States v. Brown, 623 F.3d 104, 113 (2d Cir. 2010) (remanding claim of ineffective counsel to the district court where defendant had raised a claim pro se in the district court that his counsel had failed to advise him of a plea offer, and the district court had declined to consider the issue). None of those circumstances are present here.

We decline to remand this issue to the District Court; "a collateral proceeding under section 2255 provides the defendant with an ample remedy for any ineffectiveness claim." Doe, 365 F.3d at 154. Instead, we "leave it to [Perevoznikov] to raise the claims on a petition for habeas corpus under 28 U.S.C. §2255." United States v. Oladimeji, 463 F.3d 152, 154 (2d Cir. 2006). We therefore dismiss Perevoznikov's ineffective assistance claim without prejudice to assertion in a §2255 petition.

As noted, Perevoznikov raises no other arguments on appeal. Accordingly, the appeal is **DISMISSED** in its entirety.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5