17-291
U.S. v. Lutchman

# United States Court of Appeals
# for the Second Circuit

AUGUST TERM 2018
No. 17-291


UNITED STATES OF AMERICA,
Appellee,


v.


EMANUEL L. LUTCHMAN,
Defendant-Appellant.


ARGUED: SEPTEMBER 12, 2018
DECIDED: DECEMBER 6, 2018


Before:      NEWMAN, JACOBS, POOLER, Circuit Judges.


Emanuel L. Lutchman pleaded guilty to conspiracy to provide material support to a foreign terrorist organization in violation of 18 U.S.C. § 2339B(a)(1) and was sentenced in the United States District Court for the Western District of New York (Geraci, Ch.J.) to the statutory maximum of 240 months' imprisonment and 50 years' supervised release.   Lutchman sought an offense-level reduction for conspiracy under United States Sentencing Guidelines § 2X1.1(b)(2), on the ground that consummation of the plot was dependent on assistance and participation of government agents.   On appeal, Lutchman argues that his sentence was procedurally unreasonable because that reduction

1

was denied and that his sentence was substantively unreasonable because it is greater than necessary given his mental illness.   While Lutchman's plea agreement contained an appellate waiver, we conclude that the plea agreement was not supported by consideration and decline to enforce it to bar this appeal. Nevertheless, Lutchman's arguments on appeal are meritless.

Affirmed.

_____

> ALLEGRA GLASHAUSSER, Federal Defenders of New York, Inc., New York, NY, for Defendant-Appellant.
>
> BRETT A. HARVEY, Asst. U.S. Atty., Rochester, NY (James P. Kennedy, Jr., U.S. Atty., Tiffany H. Lee, Asst. U.S. Atty., Rochester, NY, on the brief), for Appellee.

DENNIS JACOBS, Circuit Judge:

Emanuel L. Lutchman pleaded guilty to conspiracy to provide material support to a foreign terrorist organization in violation of 18 U.S.C. § 2339B(a)(1) and was sentenced in the United States District Court for the Western District of New York (Geraci, Ch.J.) to the statutory maximum of 240 months' imprisonment and 50 years' supervised release.   Lutchman sought an offense-level reduction for conspiracy under United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 2X1.1(b)(2), on the ground that consummation of the plot was dependent on assistance and participation of government agents. On appeal, Lutchman argues that his sentence was procedurally unreasonable because that reduction was denied and that his sentence was substantively unreasonable because it is greater than necessary given his mental illness. While Lutchman's plea agreement contained an appellate waiver, we conclude that the plea agreement was not supported by consideration and decline to enforce it to bar this appeal.   Nevertheless, Lutchman's arguments on appeal are meritless.

2

For the reasons set forth herein, we affirm the judgment of the district court.

## BACKGROUND

Lutchman was arrested during the course of a plot, coordinated with a member of the Islamic State of Iraq and the Levant ("ISIL"), to attack individuals at Merchant's Grill in Rochester, New York, with knives and a machete on New Year's Eve 2015. Late in that year, Lutchman used social media accounts to express support for ISIL and to share ISIL propaganda in the form of images, videos, and documents promoting terrorism. Lutchman also collected terrorism-related materials, including how-to manuals for individuals seeking to conduct terrorist attacks in the United States.

One such document contained contact information for an ISIL member in Syria known as Abu Issa Al-Amriki, with whom Lutchman began communicating online in late December. On December 25 and 26, Lutchman told Al-Amriki that he wished to join ISIL overseas, but Al-Amriki replied that Lutchman must first prove his support for ISIL by attacking and killing nonbelievers in the United States. Lutchman assured Al-Amriki that he was planning an "operation" with a "brother." App'x at 14.

At about the same time, Lutchman planned a New Year's Eve attack with two individuals. Both of them ("Individual A" and "Individual B") were cooperating with the Federal Bureau of Investigation, as was a third individual whom Individual A arranged for Lutchman to meet ("Individual C"). Lutchman called his three supposed co-conspirators "brothers."

On December 27 and 28, Lutchman told Al-Amriki about the involvement of Individuals A, B, and C; announced his readiness to make his sacrifice; and vowed that there was no turning back from his plan. When Lutchman consulted Al-Amriki about the best target for the attack, he instructed Lutchman to find the most populated venue and kill as many people as he could.

3

Lutchman told Individual C on December 28 that he wanted to attack a bar or nightclub, using knives and a machete to kidnap and murder. As they drove by Merchant's Grill, Lutchman suggested that as a potential target.

On December 29, Lutchman and Individual C went shopping at Walmart and acquired ski masks, knives, a machete, zip ties, duct tape, ammonia, and latex gloves. Lutchman lacked funds, so Individual C paid approximately $40 for the purchase, and Lutchman promised to reimburse him.

After more exchanges with Al-Amriki, Lutchman met Individual C on December 30 to film a video. Consistent with Al-Amriki's instructions, Lutchman pledged his allegiance to ISIL and stated his intention to "spill the blood" of nonbelievers. App'x at 18. Immediately afterward, Lutchman was arrested.

Lutchman entered into a plea agreement with the government on August 11, 2016. The district court imposed a sentence of 240 months of imprisonment, the statutory maximum for Lutchman's offense, and 50 years of supervised release. Lutchman now seeks vacatur of his sentence and a remand for resentencing.

## DISCUSSION

A. **Appeal Waiver**

Lutchman's plea agreement recited the waiver of his right to appeal any sentence lesser than or equal to the statutory maximum of 240 months' imprisonment, which is the sentence imposed. Lutchman argues that the waiver should not be enforced because the plea agreement conferred no benefit on him in exchange for his guilty plea. We agree.

While "a defendant's right to appeal his sentence may be waived in a plea agreement," it is not the case "that these contractual waivers are enforceable on a basis that is unlimited and unexamined." United States v. Ready, 82 F.3d 551,

4

555 (2d Cir. 1996), superseded on other grounds as stated in United States v. Cook, 722 F.3d 477, 481 (2d Cir. 2013). "We construe plea agreements according to contract law principles . . . ." United States v. Riggi, 649 F.3d 143, 147 (2d Cir. 2011) (internal quotation marks omitted). So, "a guilty plea can be challenged for contractual invalidity, including invalidity based on a lack of consideration." United States v. Brunetti, 376 F.3d 93, 95 (2d Cir. 2004). Yet, "because plea agreements are unique contracts, we temper the application of ordinary contract principles with special due process concerns for fairness and the adequacy of procedural safeguards." Riggi, 649 F.3d at 147 (internal quotation marks omitted). Accordingly, "courts construe plea agreements strictly against the Government," which "is usually the party that drafts the agreement" and "ordinarily has certain awesome advantages in bargaining power." Ready, 82 F.3d at 559.

Lutchman's waiver of the right to appeal his sentence was unsupported by consideration. The plea agreement provided that Lutchman would waive indictment, plead guilty to a violation of 18 U.S.C. § 2339B(a)(1), and waive the right to appeal any sentence lesser than or equal to the 240-month maximum. The government would achieve "a conviction without the expense and effort of proving the charges at trial beyond a reasonable doubt" and save the time and expense of an appeal. United States v. Rosa, 123 F.3d 94, 97, 101 n.7 (2d Cir. 1997).

Lutchman, however, received no benefit from his plea beyond what he would have gotten by pleading guilty without an agreement. The government refused to agree with Lutchman's contention that a three-level reduction under Guidelines § 2X1.1(b)(2) was applicable, and specifically reserved the right to argue to the district court that the reduction was inappropriate. True, the government agreed not to oppose a two-level reduction under Guidelines § 3E1.1(a) for Lutchman's acceptance of responsibility and agreed to move the district court to apply an additional one-level reduction under Guidelines § 3E1.1(b) for Lutchman's timely notification to the government of his intention to plead guilty. But a three-level reduction under Guidelines § 3E1.1 was available to Lutchman even in the absence of an agreement to waive his right to

5

appeal.   See U.S.S.G. § 3E1.1 cmt. 6 ("The government should not withhold [a § 3E1.1(b) motion] based on . . . whether the defendant agrees to waive his or her right to appeal.").

Moreover, those reductions had no practical impact.   Even after a three-level reduction to the respective Guidelines ranges advocated by each party, the bottom of the resulting ranges exceeded the statutory maximum.   In fact and effect, the agreed-upon Guidelines range equaled the 240-month statutory maximum--a sentence the government expressly stated in the agreement that it would recommend.   Furthermore, Lutchman pleaded guilty to the only count charged in the information, and the government has not articulated or identified any additional counts that could have been proven at trial.

The plea agreement here provided Lutchman with no increment of "certainty as to the extent of his liability and punishment," Rosa, 123 F.3d at 97, and it provided him no "chance at a reduced sentence," Brunetti, 376 F.3d at 95 (emphasis omitted).   Because the agreement offered nothing to Lutchman that affected the likelihood he would receive a sentence below the statutory maximum, the appellate waiver was unsupported by consideration, and we will not enforce it to bar this appeal.   See id.; see also United States v. Goodman, 165 F.3d 169, 174 (2d Cir. 1999) (refusing to enforce appeal waiver because, inter alia, defendant "received very little benefit in exchange for her plea of guilty").   Accordingly, in the absence of a request by either party to remand because the plea agreement is unenforceable, we will sever the waiver from the plea agreement and proceed to the merits of Lutchman's arguments.   Goodman, 165 F.3d at 175; see also Ready, 82 F.3d at 559 ("[C]ourts may apply general fairness principles to invalidate particular terms of a plea agreement.").

B.    **Procedural Reasonableness**

Lutchman argues that he was not "about to complete . . . but for apprehension" all of the "acts the conspirators believed necessary on their part for the successful completion of the substantive offense," U.S.S.G. § 2X1.1(b)(2), because he would have been unable to complete the attack without the assistance

of government cooperators.    He therefore argues that the district court committed procedural error when it refused to apply a 3-level reduction under Guidelines § 2X1.1(b)(2), and that his sentence therefore must be set aside as unreasonable.

"A district court commits procedural error where it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence."    United States v. Robinson, 702 F.3d 22, 38 (2d Cir. 2012) (citing Gall v. United States, 552 U.S. 38, 51 (2007)).    Our review for reasonableness is akin to a "'deferential abuse-of-discretion standard.'"    United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (in banc) (quoting Gall, 552 U.S. at 41).    However, "[a] sentencing court's legal application of the Guidelines is reviewed de novo."    United States v. Desnoyers, 708 F.3d 378, 385 (2d Cir. 2013) (internal quotation marks omitted).

Lutchman's sentence was not procedurally unreasonable.    As an initial matter, a Guidelines § 2X1.1(b)(2) reduction would have had no impact.    Even if the three-level reduction under § 2X1.1(b)(2) had been applied, the resulting Guidelines range would have been 262-327 months--which exceeds the 240-month statutory maximum sentence that was imposed.    The Supreme Court has previously counseled that relevant statements of the sentencing judge may counter "any ostensible showing of prejudice the defendant may make" regarding an improper calculation of the Guidelines range.    Molina-Martinez v. United States, 136 S. Ct. 1338, 1347 (2016).    Here, the district court found that "the only sentence" that would accomplish the goals of sentencing "is the maximum sentence . . . of 20 years imprisonment."    App'x at 98.    Thus, the district court's statements suggest that it would have considered Lutchman's 240-month sentence appropriate even with a slight reduction in the Guidelines range.    We will not disturb a sentencing determination on the basis of a Guidelines calculation error that had no impact on the sentence imposed.    Cf. United States v. Bermingham, 855 F.2d 925, 931 (2d Cir. 1988) ("[D]isputes about applicable guidelines need not be resolved where the sentence falls within either

7

of two arguably applicable guideline ranges and the same sentence would have been imposed under either guideline range.").

In any event, the district court did not err in determining that a reduction under Guidelines § 2X1.1(b)(2) is inapplicable to Lutchman. The "relevant question" in determining whether that reduction applies is "whether the conspiracy ripened into a substantially completed offense or came close enough to fruition." United States v. Downing, 297 F.3d 52, 62 (2d Cir. 2002) (internal citations, quotation marks, alterations, and emphasis omitted). The district court did not abuse its discretion in determining that the substantive offense-- "knowingly provid[ing] material support or resources to a foreign terrorist organization" in violation of 18 U.S.C. § 2339B(a)(1)--came close enough to fruition to render the § 2X1.1(b)(2) reduction inappropriate. In December 2015, Lutchman shared propaganda and expressed support for ISIL, a group he knew was a foreign terrorist organization engaged in ongoing terrorist activity. He initiated contact with an ISIL member in Syria, Al-Amriki, to plan a terrorist attack in the name of ISIL, and pledged allegiance to ISIL in a martyrdom video intended for use as ISIL propaganda. As to the attack itself, Lutchman planned to attack and possibly abduct victims at Merchant's Grill, and he accompanied Individual C to purchase weapons and other materials for the attack, which included two knives, a machete, and ammonia to destroy potential DNA in the event that Lutchman's blood was spilled during the attack. Therefore, the district court did not abuse its discretion when it concluded "but for the intervention of law enforcement in this case, the defendant would have completed all the acts for this particular offense." App'x at 68.

Lutchman argues that he should have received the Guidelines § 2X1.1(b)(2) reduction because he was assisted by government informants throughout and would have been unable to purchase weapons or successfully complete the attack without their help. However, the fact that "[i]t may be unlikely, or even impossible, for a conspiracy to achieve its ends once the police have detected or infiltrated it" is "not dispositive in determining whether a three-level reduction is warranted under section 2X1.1(b)(2), because that section determines punishment based on the conduct of the defendant, not on the probability that a

8

conspiracy would have achieved success." United States v. Medina, 74 F.3d 413, 418 (2d Cir. 1996) (emphasis omitted). As discussed above, Lutchman's conduct advanced the substantive offense--a deadly attack on Merchant's Grill in the name of ISIL--to the verge of fruition. Lutchman "had the independent ability to control how far things would go"; it is not to be regretted that "preparations and arrangements proceeded under the eye of the police, and, because of that, the police were in a position to stop the progress of the crime before it reached the threshold of completion." Id. at 419. "The surveillance and infiltration by the police did not affect [Lutchman's] free will, and did not make the crime a police exercise. The district court did not err in denying a three-level downward departure under section 2X1.1 of the Guidelines." Id.

C. **Substantive Reasonableness**

Lutchman argued in the district court that his mental illness was a mitigating factor. The district court recognized that it was, but also concluded that, along with other factors, it contributed to the need for a statutory maximum sentence. The result, Lutchman argues on appeal, is a sentence longer than necessary to serve the goals of sentencing. He argues that his sentence is therefore substantively unreasonable.

"Substantive reasonableness is also reviewed for abuse of discretion . . . ." Desnoyers, 708 F.3d at 385. "In examining the substantive reasonableness of a sentence, we review the length of the sentence imposed to determine whether it cannot be located within the range of permissible decisions." United States v. Matta, 777 F.3d 116, 124 (2d Cir. 2015) (internal quotation marks omitted). We will "set aside a district court's substantive determination only in exceptional cases." Cavera, 550 F.3d at 189 (emphasis omitted).

Lutchman's sentence is located within the range of permissible decisions, and we therefore cannot conclude that it is substantively unreasonable. The district court considered Lutchman's "long history of mental health issues" and found that those issues "probably explain[] some of [his] conduct." App'x at 92-93. At the same time, the court found that Lutchman's mental disorder, history

9

of violence, and substance abuse impaired his ability to appreciate the severity of his conduct and thereby "created a real danger in the community." Id. at 97. Since Lutchman's mental health thus cut "both ways," the court concluded that the only way "to protect the public from further crimes" was to impose the maximum sentence of imprisonment. Id. at 97-98. This was not an abuse of discretion. We are satisfied that the district court's colloquy makes clear that it considered the parties' arguments and had a reasoned basis for its decision. Cavera, 550 F.3d at 193.

Lutchman's behavior at the end of the sentencing proceeding validated the district court's conclusion. Lutchman had maintained a pretense of remorse that was dropped after the sentence was announced. Lutchman then laughed, reaffirmed his allegiance to ISIL's leader, and stated that more individuals like him would "rise up." App'x at 98-102. We see no error in the imposition of the statutory maximum sentence.

## CONCLUSION

For the foregoing reasons, we hereby **AFFIRM** the judgment of the district court.

10