18-1039-cr
*United States v. Deas*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of May, two thousand nineteen.

PRESENT:  JOHN M. WALKER, JR.,
      JOSÉ A. CABRANES,
      PETER W. HALL,
        *Circuit Judges.*

---

UNITED STATES OF AMERICA,

        *Appellee,*          18-1039-cr

        v.

WILLIE DEAS,

        *Defendant-Appellant,*

RUBEN TORRES, AKA RUBE, AKA "T," AKA RU,
ANTWANE WILLIAMS-BEY, AKA BUCK, MICHAEL
CHAPMAN, AKA NICE, AKA MIZZO, CHARLES
TURNER, AKA CJ, AKA RELL, TAYRENCE WILLIS, AKA

1

"T," aka T-Franklin, Tyrryq Rodriguez, aka
Ty, aka Little Ty, aka Tye Bangs, Eric Smith,
aka Hood, Adrian Cruz, aka Ray, Brendan
Salmon, aka One Eye, Noel Montanez,
Jhovany Valdes, Marcus Gary, Yolanda
Lozada, aka Sexy, Jamal Johnson, Buell
French,

*Defendants.*

---

FOR APPELLEE:
Brian P. Leaming and Sandra S. Glover,
Assistant United States Attorneys, *for* John
H. Durham, United States Attorney,
District of Connecticut, New Haven, CT.

FOR DEFENDANT-APPELLANT:
Alexander H. Schwartz, Southport, CT.

Appeal from an April 10, 2018 judgment of the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED.**

Defendant-Appellant Willie Deas ("Deas") appeals from a judgment convicting him, following a guilty plea, of attempted robbery under the Hobbs Act. *See* 18 U.S.C. § 1951(a). The sole issue on appeal is whether the District Court procedurally erred by declining to apply a three-level reduction under United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 2X1.1(b)(1).[1]

---

[1] Section 2X1.1of the Guidelines, titled "Attempt, Solicitation, or Conspiracy (Not Covered by a Specific Offense Guideline)," provides that, in calculating the base offense level for an inchoate offense such as conspiracy or an attempt, if that offense is not covered by a specific offense guideline, the court should refer to the base offense level stated in the Guidelines for the substantive offense that was the objective of the conspiracy or attempt. *See* U.S.S.G. § 2X1.1(a). Taking that offense level, the court should then decrease the base offense level for an attempt conviction by three levels

> unless the defendant completed all the acts the defendant believed
> necessary for successful completion of the substantive offense or the

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issue on appeal.

"A district court commits procedural error where it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012). "Our review for reasonableness is akin to a deferential abuse-of-discretion standard." *United States v. Lutchman*, 910 F.3d 33, 38 (2d Cir. 2018) (internal quotation marks omitted). We review a district court's application of the Guidelines *de novo. Id.*

The District Court did not err in denying a three-level downward departure under § 2X1.1(b)(1) of the Guidelines. As we have explained in the context of conspiracy, the fact that "[i]t may be unlikely, or even impossible, for a conspiracy to achieve its ends once the police have detected or infiltrated it" is "not dispositive in determining whether a three-level reduction is warranted under section 2X1.1(b)(2), because that section determines punishment based on the *conduct* of the defendant, not on the probability that a conspiracy would have achieved success." *United States v. Medina*, 74 F.3d 413, 418 (2d Cir. 1996) (emphasis in original). The same reasoning applies to the guideline for the inchoate offense of attempt. *See United States v. Kleiner*, 765 F.3d 155, 159 (2d Cir. 2014) ("When construing Sentencing Guidelines we employ basic rules of statutory construction, and apply the normal rule that identical words used in different parts of the same act are intended to have the same meaning." (internal citations, quotation marks, and ellipsis omitted)).

Here, Deas's conduct advanced the substantive offense to the verge of fruition. Indeed, Deas completed all the acts he believed necessary for successful completion of the substantive offense by: (1) volunteering to join the informant to commit the robbery; (2) supplying a gun and a mask to use during the robbery; and (3) joining the informant on the night of the planned robbery with the expectation that the informant would deliver him to the residence of the intended victim. It is thus immaterial that Deas did not actually know the identity of the intended (fictitious) victim. From Deas's perspective, all that remained to be done was for the informant to identify the victim. Accordingly, the District Court did not err in denying a three-level downward departure under § 2X1.1(b)(1) of the Guidelines.

---

> circumstances demonstrate that the defendant was about to complete
> all such acts but for apprehension or interruption by some similar
> event beyond the defendant's control.

*Id.* § 2X1.1(b)(1).

## CONCLUSION

We have reviewed all of the arguments raised by Deas on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the April 10, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk