United States of America v. Ryan C. Lander

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 9th day of October two thousand twenty.

Present:     ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
             WILLIAM J. NARDINI,
                  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                         *Appellee*,

             v.                                          19-2564-cr

RYAN C. LANDER,

                         *Defendant-Appellant*.
_____

Appearing for Appellant:     Stephanie Carvlin, New York, NY.


Appearing for Appellee:      Katherine A. Gregory, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from the United States District Court for the Western District of New York (Arcara, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED**.

Appellant Ryan C. Lander appeals from the final judgment of conviction and sentence entered on August 8, 2019 following a guilty plea pursuant to a plea agreement in the United States District Court for the Western District of New York (Arcara, *J.*). Lander was convicted of one count of production of child pornography, in violation of 18 U.S.C. Sections 2251(a) and (e) and sentenced to 262 months' imprisonment, followed by a supervised release term of 10 years. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

First, we conclude that the government did not breach its plea agreement. We review interpretations of plea agreements de novo and in accordance with contract law principles. *See United States v. Vaval*, 404 F.3d 144, 152 (2d Cir. 2005). "[W]e construe plea agreements strictly against the government and do not hesitate to scrutinize the government's conduct to ensure that it comports with the highest standard of fairness." *Id.* (citation and internal quotation marks omitted). "To determine whether a plea agreement has been breached, a court must look to what the parties reasonably understood to be the terms of the agreement." *Id.* (citation omitted).

Here, the plea agreement stated that the government may "modify its position with respect to *any* sentencing recommendation or . . . factor under the [Sentencing] Guidelines," based on, inter alia, "conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor." App'x at 175 (emphasis added). Therefore, despite agreeing not to oppose the recommendation for the two-level downward adjustment available in United States Sentencing Guidelines ("USSG" or the "Guidelines") Section 3E1.1(a) and to move the district court to apply the one-level downward adjustment in USSG Section 3E1.1(b), the government had also unambiguously secured its right to modify its position on these issues based on Lander's post-plea conduct. Lander's post-plea conduct supported the government's exercise of its right under the agreement to modify its position.

Second, we conclude that the district court did not deprive Lander of his Sixth Amendment right to effective, conflict-free counsel at any point in the litigation. It is true that, where a defendant alleges that counsel improperly coerced the defendant into pleading guilty, counsel may face an "actual conflict of interest at the plea withdrawal hearing." *United States v. Davis*, 239 F.3d 283, 286 (2d Cir. 2001). We consider a motion to withdraw a guilty plea a "critical stage" of litigation during which a criminal defendant is entitled to effective representation. *Id*. at 285-86. Here, however, the record shows that Lander was not deprived of representation at any critical stage. Once Lander's original trial counsel alerted the district court to the existence of conflict, the district court permitted counsel to withdraw. Moreover, Lander had new, conflict-free representation when he submitted his motion to withdraw his guilty plea, when he moved for reconsideration of the district court's first denial of the motion to withdraw, and at an evidentiary hearing on the matter.

Third, we conclude that the appellate-waiver term in Lander's plea agreement is enforceable. A defendant's waiver of the right to appeal a sentence pursuant to a plea agreement is presumptively enforceable. *See United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010). A

2

plea agreement "can be challenged for contractual invalidity, including invalidity based on a lack of consideration." *United States v. Lutchman*, 910 F.3d 33, 37 (2d Cir. 2018). However, in *Lutchman*, we observed that the defendant received "no benefit from his plea beyond what he would have gotten by pleading guilty without an agreement." *Id.* This is not the case here. Lander ultimately pled guilty to only one of the three charges in his indictment. *Cf. id.* at 38. Additionally, the high end of the range of months of imprisonment agreed upon in the plea agreement was shorter than the statutory maximum of 30 years for Lander's crime. *See* 18 U.S.C. § 2251(e); *cf. Lutchman*, 910 F.3d at 38 (noting that the government stated within the plea agreement that it would seek the statutory maximum penalty).

Moreover, none of the "limited" situations in which we would not enforce appellate-waiver terms apply. *Arevalo*, 628 F.3d at 98 (explaining that these limited situations are: "when the waiver was not made knowingly, voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial, or other prohibited biases, when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence" (citation omitted)). To the extent Lander seeks to argue that the government's references to his sexual preferences were to an "impermissible factor," *id.*, we disagree. Lander's cited cases stand for the proposition that references to a criminal defendant's race or nationality during sentencing may require vacatur and remand. *See United States v. Kaba*, 480 F.3d 152, 156 (2d Cir. 2007); *United States v. Leung*, 40 F.3d 577, 586 (2d Cir. 1994). No such references exist on the record here. Instead, the government's statements regarding the evolution of Lander's sexual conduct from "looking" to "touching," App'x at 763, were pertinent to "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a); *see* 18 U.S.C § 3661 (explaining that there is no limitation on the "information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence").

Because we enforce the appellate-waiver term in Lander's plea agreement and because Lander's 262-month sentence was within the range contemplated by his plea agreement, we do not consider Lander's additional arguments that the district court procedurally erred during the sentencing hearing. *See United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000) (explaining that we uphold waiver "even in circumstances where the sentence was conceivably imposed in an illegal fashion or in violation of the Guidelines, but yet was still within the range contemplated in the plea agreement").

We have considered the remainder of Lander's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3