20-1624-cr(L)
*United States v. Martinez*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand twenty-one.

PRESENT:    PIERRE N. LEVAL,
            JOSÉ A. CABRANES,
            WILLIAM J. NARDINI,
                    *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                    *Appellee,*                     20-1624-cr(L)
                                                    20-1836-cr(Con)
            v.

FREIRY MARTINEZ, AKA DISCRETO, AKA FREDDY,

                    *Defendant-Appellant.*

_____

FOR DEFENDANT-APPELLANT:         Vivian Shevitz, South Salem, NY.

FOR APPELLEE:                    Paul Scotti, Susan Corkery, and Megan E.
                                 Farrell, Assistant United States Attorneys,

1

*for* Jacquelyn M. Kasulis, Acting United States Attorney, Eastern District of New York, Brooklyn, NY.

Appeal from an amended judgment of the United States District Court for the Eastern District of New York (Judge Joseph F. Bianco of the United States Court of Appeals for the Second Circuit, sitting by designation).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Defendant-Appellant Freiry Martinez appeals from an amended judgment of conviction entered on June 11, 2020, in the District Court following his guilty plea to a Superseding Information, pursuant to a plea agreement. The Superseding Information charged Martinez, a member of La Mara Salvatrucha (known as "MS-13"), with one count of racketeering involving conspiracy to murder members of rival gangs, including four murders committed on April 11, 2017, in violation of 18 U.S.C. § 1962(c). In the plea agreement, Martinez waived his right to appeal any sentence at or below 720 months of imprisonment. The District Court sentenced Martinez principally to a term of 600 months of imprisonment, to be followed by three years of supervised release. We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision.

We begin (and end) with the enforceability of Martinez's appeal waiver. We have long held that "[w]aivers of the right to appeal a sentence are presumptively enforceable."[1] "[E]xceptions to the presumption of the enforceability of a waiver . . . occupy a very circumscribed area of our jurisprudence."[2] On appeal, Martinez principally argues that the appeal waiver contained in his plea agreement is not enforceable because it lacks consideration.[3] Martinez contends that the only *theoretical* consideration the government can claim to have provided—not prosecuting him under 18 U.S.C. § 1959(a), which calls for a mandatory life sentence without parole—was of no value to him because the Supreme Court had ruled in *Miller v. Alabama*, 567 U.S. 460 (2012) that mandatory life sentences without parole may not be imposed on persons who were fifteen years old when they

---

[1] *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010).

[2] *United States v. Burden*, 860 F.3d 45, 51 (2d Cir. 2017) (quoting *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000). "In particular, we have in prior cases articulated four grounds on which an appeal waiver may be deemed unenforceable: (1) where the waiver was not made knowingly, voluntarily, and competently; (2) where the sentence was based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases; (3) where the government breached the agreement containing the waiver; and (4) where the district court failed to enunciate any rationale for the defendant's sentence." *Id.* (internal quotation marks omitted).

[3] *See United States v. Lutchman*, 910 F.3d 33, 37–38 (2d Cir. 2018).

committed the crime. As part of the plea agreement, however, the Government agreed to move for a three-level reduction in the applicable offense level for Martinez's acceptance of responsibility. Further, the Government agreed that it would move to dismiss the underlying seven-count Juvenile Information and not seek to bring further criminal charges against Martinez in connection with the conspiracy to murder rival gang members and the four April 11, 2017 murders. These concessions clearly constitute consideration. We therefore reject Martinez's argument and conclude that his appeal waiver is enforceable.

Because we find enforceable the appellate-waiver provision in Martinez's plea agreement and because Martinez's 600-month term of imprisonment was below the threshold term of imprisonment contemplated by his plea agreement, we do not consider Martinez's additional arguments that his sentence was substantively unreasonable.[4]

## CONCLUSION

We have reviewed all other arguments raised by Martinez on appeal and find them to be without merit. For the foregoing reasons, the motions to dismiss the appeal, Doc. 41 (20-1624-cr) and Doc. 25 (20-1836-cr), are **GRANTED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[4] *United States v. Ojeda*, 946 F.3d 622, 629 (2d Cir. 2020); *cf. Gomez-Perez*, 215 F.3d at 319 (explaining that we uphold waiver "even in circumstances where the sentence was conceivably imposed in an illegal fashion or in violation of the Guidelines, but yet was still within the range contemplated in the plea agreement").

3