*United States v. Santiago*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand twenty-two.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> GUIDO CALABRESI,
> GERARD E. LYNCH,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

>                    *Appellee*,

>         v.                                                            21-238

OMAYRA SANTIAGO,

>                    *Defendant-Appellant*.

---

| | |
|---|---|
| For Appellee: | MARGARET M. DONOVAN (Marc H. Silverman, *on the brief*), Assistant United States Attorneys *for* Leonard C. Boyle, United States Attorney, District of Connecticut, New Haven, CT. |
| For Defendant-Appellant: | DANIEL S. NOOTER, Washington, DC. |

1

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED IN PART**, and the case is **REMANDED** for further proceedings.

Defendant-Appellant Omayra Santiago ("Santiago") appeals from the February 3, 2021 judgment of the United States District Court for the District of Connecticut (Hall, *J.*), sentencing her to a term of three months' imprisonment followed by three years of supervised release and ordering her to pay restitution in the amount of $146,752.86 and a mandatory special assessment of $100. Pursuant to a written agreement, Santiago pleaded guilty to one count of theft of government property in violation of 18 U.S.C. § 641 for making false statements to the Social Security Administration ("SSA") to obtain Supplemental Security Insurance ("SSI") between 2005 and 2018. On appeal, Santiago challenges the district court's restitution order on the grounds that it includes losses for time-barred conduct, even though she did not waive her statute of limitations defense. Santiago also claims that her trial counsel rendered ineffective assistance by not advising her of her rights under the applicable statute of limitations and by failing to object to the district court's restitution order on timeliness grounds. In addressing Santiago's claims, we assume familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to partially dismiss the appeal and remand the case to the district court for consideration of Santiago's ineffective assistance claim in the first instance.

## I.     The Restitution Order

At the start, we conclude that Santiago's appeal of her restitution order is barred by the appellate waiver in her written plea agreement.[1]     Pursuant to this provision of her plea agreement, Santiago "agree[d] not to appeal or collaterally attack the sentence" if it "does not exceed sixteen (16) months of imprisonment, a three-year term of supervised release, a $100 special assessment, a $55,000 fine, and restitution in the amount of $146,752.86."     App'x 15.     Santiago's sentence fell at or below each of these thresholds and is thus encompassed by the appellate waiver.

"Waivers of the right to appeal a sentence are presumptively enforceable."     *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010) (citation omitted); *see also United States v. Granik*, 386 F.3d 404, 412 (2d Cir. 2004).     We find appellate waivers unenforceable "only in very limited situations, such as when the waiver was not made knowingly, voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence."     *Arevalo*, 628 F.3d at 98 (internal quotation marks and citation omitted); *accord United States v. Burden*, 860 F.3d 45, 51 (2d Cir. 2017).     That said, plea agreements are construed using contract law principles and may be challenged "for contractual invalidity, including invalidity based on a lack of consideration."     *United States v. Lutchman*, 910 F.3d 33, 37 (2d Cir. 2018) (citation omitted).

Santiago first argues that the appellate waiver in her plea agreement is unenforceable because she did not knowingly and voluntarily waive her statute of limitations defense.     While

---

[1]  The government previously moved to dismiss Santiago's appeal as barred by the appellate waiver in her plea agreement.     On February 18, 2022, a motion panel of this Court denied that motion, "without prejudice to the merits panel's reconsideration of the asserted appellate waiver."     No. 21-238, Dkt. No. 58.

Santiago correctly notes that she waived her statute of limitations defense in the plea agreement only "with respect to any prosecution *that is not time-barred on the date the plea agreement is signed*," App'x 15 (emphases added), her reliance on the limited nature of this provision is beside the point. Santiago expressly agreed not to challenge a sentence that included a restitution amount at or below $146,752.86. The district court clearly confirmed Santiago's understanding of this term of the agreement at the time Santiago entered her plea. *See* App'x 47–48. Irrespective of the applicable statute of limitations, then, Santiago cannot claim that she unknowingly and involuntarily agreed to pay restitution for the full amount of the SSA's loss when pleading guilty.

Santiago additionally argues that the appellate waiver is unenforceable because the plea agreement is not supported by consideration. This argument disregards the benefits that flowed to Santiago from the agreement. For one, the agreement eliminated her exposure to other criminal charges potentially supported by the stipulated facts incorporated in her plea agreement, such as perjury and mail or wire fraud. In this way, the agreement provided Santiago with an "increment of 'certainty as to the extent of [her] liability and punishment,'" which we have determined constitutes adequate consideration. *Lutchman*, 910 F.3d at 38 (quoting *United States v. Rosa*, 123 F.3d 94, 97 (2d Cir. 1997)). Moreover, the agreement also provided Santiago with real assurance as to the chance of a reduced sentence because the parties agreed to a stipulated guidelines range below the statutory maximum, while the government assented to a two-level guidelines reduction for acceptance of responsibility and agreed not to appeal a sentence within or above the stipulated guidelines range. *See id.*; *see also United States v. Morgan*, 406 F.3d 135, 137 (2d Cir. 2005) (noting that defendant received "considerable value" from plea agreement by "learn[ing] the sentencing range sought by the government," as well as "avoid[ing] exposure to additional . .

4

. counts"). Accordingly, the appellate waiver in Santiago's plea agreement is supported by consideration and is thus enforceable.

## II.     Ineffective Assistance of Counsel[2]

Where, as here, a criminal defendant asserts an ineffective assistance of counsel claim on direct appeal, we consider three options: we may "(1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for [a] writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." *United States v. Lloyd*, 901 F.3d 111, 124 (2d Cir. 2018) (alteration in original) (citation omitted). Although we have "the discretion to choose among these three options," *United States v. Leone*, 215 F.3d 253, 256 (2d Cir. 2000), the Supreme Court has cautioned that "few [ineffective-assistance] claims will be capable of resolution on direct appeal," *Massaro v. United States*, 538 U.S. 500, 507 (2003). In general, we will not decide the merits of an ineffective-assistance-of-counsel claim in the first instance on direct appeal unless its "resolution is beyond any doubt." *United States v. Matos*, 905 F.2d 30, 32 (2d Cir. 1990) (internal quotation marks omitted).

Here, Santiago's ineffective-assistance claim centers on the allegation that her trial counsel failed to advise her of the applicability and effect of the statute of limitations and to object to the district court's restitution order. While the record reveals that Santiago's counsel did not object to the restitution award—and failed to address *Green* after the case was raised by the government at the sentencing hearing—it does not indicate whether counsel advised Santiago concerning the

---

[2] Santiago's written plea agreement expressly reserves her right to bring an ineffective-assistance-of-counsel claim. App'x 16 ("This waiver does not preclude [Santiago] from raising a claim of ineffective assistance of counsel in an appropriate forum.").

5

applicability of the statute of limitations.   We conclude that additional fact-finding is required to address this evidentiary gap and potentially other factual issues relevant to the resolution of Santiago's ineffectiveness claim.

"[I]n most cases[,] a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance."   *United States v. Melhuish*, 6 F.4th 380, 399 (2d Cir. 2021) (first alteration in original) (citation omitted).   Here, however, Santiago only seeks the vacatur of her restitution order, which may make a § 2255 motion unavailable as a procedural vehicle for this claim.   *See United States v. Rutigliano*, 887 F.3d 98, 105 (2d Cir. 2018) (explaining that a restitution order may be deemed custodial—and thus cognizable under § 2255—in the "rare" circumstances where it subjects a defendant to "such a severe restraint on individual liberty as to equate to custody").   To facilitate the efficient adjudication of Santiago's ineffectiveness claim under these specific circumstances, we exercise our discretion to remand the case to the district court for further factfinding as to the communications between Santiago and her trial counsel concerning the statute of limitations issue and whether Santiago would have accepted the plea offer if she had been made aware of the statute of limitations, and for decision of this claim in the first instance. *See United States v. Brown*, 623 F.3d 104, 114–15 (2d Cir. 2010) (remanding for the district court to determine whether the defendant's counsel conveyed a plea offer and whether the defendant would likely have accepted said offer).   In so deciding, we offer no conclusions as to the effectiveness of trial counsel's performance in this case or the merits of Santiago's claim.

\*       \*       \*

We have considered Santiago's remaining arguments and find them to be without merit.

Accordingly, the appeal is **DISMISSED IN PART**, and the case is **REMANDED** to the district

court for further proceedings consistent with this opinion.

<div style="margin-left: 50%;">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

</div>