22-303-cr
United States v. Argueta

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of January, two thousand twenty-four.

PRESENT: RAYMOND J. LOHIER, JR.,
WILLIAM J. NARDINI,
BETH ROBINSON,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                       No. 22-303-cr

CARLOS ARGUETA, AKA DESORDEN, AKA
DYLAN,

*Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT: DONNA R. NEWMAN, Law Offices of Donna R. Newman, PA, New York, NY

FOR APPELLEE: PAUL SCOTTI, Amy Busa, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joseph F. Bianco, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant-Appellant Carlos Argueta appeals from a February 14, 2022 judgment of the District Court (Bianco, *J.*) convicting him, following a guilty plea pursuant to a plea agreement, of one count of racketeering in violation of 18 U.S.C. § 1962(c), and one count of brandishing and discharging a firearm in furtherance of crimes of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i)–(iii). In the plea agreement, Argueta waived his right to appeal his conviction or sentence in the event that the District Court imposed a sentence of 720 months or below. The District Court sentenced Argueta principally to a term of 360

2

months' imprisonment, well below the stipulated range. On appeal, Argueta argues that the appeal waiver is unenforceable and that his conviction on the § 924(c) count must be vacated following the Supreme Court's decisions in *United States v. Davis*, 139 S. Ct. 2319 (2019) and *United States v. Taylor*, 142 S. Ct. 2015 (2022). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"Waivers of the right to appeal a sentence are presumptively enforceable." *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010). "Exceptions to the presumption of the enforceability of a waiver occupy a very circumscribed area of our jurisprudence." *United States v. Burden*, 860 F.3d 45, 51 (2d Cir. 2017) (cleaned up).

Argueta challenges the enforceability of the appeal waiver on three grounds. First, he contends that it is unsupported by consideration. *See United States v. Lutchman*, 910 F.3d 33, 37–38 (2d Cir. 2018). Second, he argues that he did not knowingly agree to the part of the waiver in which he gave up "the right to raise on appeal . . . any argument that (1) the statutes to which [he was] pleading guilty [were] unconstitutional and (2) [his] admitted conduct [did] not

3

fall within the scope of the statutes." App'x 33. And finally, he contends that intervening Supreme Court decisions have invalidated the basis for his § 924(c) conviction and that it would violate his due process rights to prevent him from appealing that conviction.

We need not address these challenges because we conclude that Argueta's challenge to his § 924(c) conviction is in any event without merit. As part of his plea, Argueta admitted to committing attempted murder in violation of New York Penal Law § 125.25(1). He does not contest that admission. Instead, he argues only that attempted murder under New York law is an invalid predicate for a § 924(c) conviction. This Court rejected that precise argument in our recent decision in *United States v. Pastore*, 83 F.4th 113, 120–21 (2d Cir. 2023). Accordingly, Argueta's challenge to his conviction fails on the merits.

## CONCLUSION

We have considered Argueta's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4