22-2023(L)
*United States v. Hudson*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of April, two thousand twenty-four.

PRESENT:
> GUIDO CALABRESI,
> BARRINGTON D. PARKER,
> MICHAEL H. PARK,
> *Circuit Judges.*

---

United States of America,

> *Appellee,*

> v.                                                      22-2023(L), 22-2027(con)

Andre Hudson,

> *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | NOAH J. KORES, Logan Vance Sullivan & Kores LLP, Torrington, CT. |
| **FOR APPELLEE:** | REED DURHAM (Sandra S. Glover, *on the brief*) *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut. |

Appeal from judgments of the United States District Court for the District of Connecticut (Meyer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court in 22-2023(L) is **AFFIRMED** and the judgment of the district court in 22-2027(con) is **DISMISSED IN PART** and **AFFIRMED IN REMAINING PART**.

Defendant-Appellant Andre Hudson was arrested for possession of a firearm and nine ounces of marijuana. At the time, Hudson was on supervised release following a prior federal felony drug conviction, so his possession of the gun violated both federal law and the terms of his supervision. Hudson entered into a plea agreement with the government in which he agreed to plead guilty to possession of a firearm as a convicted felon, agreed to plead true to the violation of the terms of his supervised release, admitted that he possessed the marijuana for distribution, and agreed not to appeal any sentence at or below the statutory maximum of 10 years. The district court sentenced Hudson to 100 months' imprisonment on the gun charge, to be followed by 20 months' imprisonment for violating the terms of his supervision. Hudson now appeals from both his conviction (Appeal No. 22-2027) and his revocation (Appeal No. 22-2023). We assume the parties' familiarity with the underlying facts, the procedural history of this case, and the issues on appeal.

**I.      Hudson's trial counsel was not ineffective for failing to object to a harmless error.**

The Presentence Report ("PSR") prepared by the Probation Office in connection with Hudson's guilty plea determined that Hudson possessed the gun "in connection with another felony offense," *see* U.S.S.G. § 2K2.1(b)(6)(B), based on Hudson's admission that he possessed the marijuana discovered in his car for distribution purposes. PSR ¶ 25 (citing Conn. Gen. Stat. § 21a-277(a)(1)(A)); *see* A:33 (parties' stipulation that Hudson "possessed multiple ounces of

marijuana for distribution"). The PSR concluded that possession of nine ounces of marijuana constituted a felony under Connecticut law. PSR ¶ 25 (describing Hudson's pending state charge as "a class E felony"). All now agree that is incorrect: possession with intent to distribute marijuana is (and was) a Grade B misdemeanor under Connecticut law. *See* Conn. Gen. Stat. § 21a-278b; Gov't Brief (Second) at 29–30. Hudson argues in Appeal No. 22-2027 that his trial counsel was ineffective for failing to object to that error; the remedy he seeks is resentencing.

Although we typically leave claims of ineffective assistance for postconviction proceedings under 28 U.S.C. § 2255, we have the discretion to resolve a claim of ineffective assistance on direct appeal. *United States v. Yauri*, 559 F.3d 130, 133 (2d Cir. 2009). Doing so is appropriate when a defendant has new counsel on appeal, "the factual record is fully developed[,] and resolution of the Sixth Amendment claim on direct appeal is beyond any doubt or in the interest of justice." *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004) (cleaned up); *United States v. Gahagen*, 44 F.4th 99, 107 (2d Cir. 2022). That is the case here: Hudson has new counsel, and his claim turns entirely on a legal question that requires no further factual development.

Claims of ineffective assistance require the defendant to show both cause—"that counsel's representation fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984)—and prejudice—that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id*. at 694. Hudson's claim fails because he cannot show that he was prejudiced by his trial counsel's failure to object to the PSR's misstatement of Connecticut law. While Hudson's possession of marijuana with the intent to distribute may not have been a felony under state law, he does not contest that it was (and is) a felony under federal law. *See* 21 U.S.C. §§ 841(a), 841(b)(1)(D). And "any

3

federal, state, or local offense" punishable by more than one year in prison constitutes "another felony" for the purposes of the enhancement. § 2K2.1, cmt. n.14(c).[1] Hudson's stipulated conduct thus amounted to "another felony," and there is no reasonable probability that his sentence would have been different if his counsel had objected.

Indeed, the district court recognized that Hudson's conduct amounted to a federal felony. It calculated the hypothetical Guidelines range that would have applied if the government had brought marijuana trafficking charges against Hudson.[2] A:97-98 ("If he just had the marijuana and he was prosecuted, I don't think the government would prosecute for—they violated supervised release, but his guidelines are something like four to six months or something for the marijuana. If you consider some of it, at least, used for his own personal use . . . ."). So the district court recognized that Hudson admitted to "another felony." Hudson cannot show prejudice flowing from trial counsel's failure to object to the PSR's misstatement that his conduct was a felony under Connecticut law, so his claim of ineffective assistance must fail.

**II. Hudson's challenge to his Guidelines calculation is barred by his plea agreement.**

In Appeal No. 22-2027, Hudson appeals the district court's calculation of the Guidelines applicable to his conviction sentence. The government moves to dismiss this portion of Hudson's appeal as barred by the appellate waiver in his plea agreement. *See* A:29.[3]

Hudson's plea agreement contained the following provision: "In consideration for the benefits offered under this agreement, the defendant agrees not to appeal or collaterally attack the

---

[1] Hudson's argument that the district court had the discretion to look only to state law to define "another felony," Grey Br. at 5–6, contradicts the Guidelines' plain text.

[2] Hudson's appeals to the infrequency with which the government prosecutes marijuana distribution are unavailing, *see* Grey Br. at 4–6, because the enhancement applies "regardless of whether a criminal charge was brought." U.S.S.G. § 2K2.1 cmt. n.14(c).

[3] Hudson's plea agreement reserved his ability to bring claims of ineffective assistance. A:29.

sentence in any proceeding . . . if that sentence does not exceed 120 months of imprisonment, a three-year term of supervised release, a $100 special assessment, forfeiture of the firearm, and a $20,000 fine . . . ." A:29. "A plea agreement that waives the right to appeal a sentence is presumptively enforceable if it has been entered into knowingly, voluntarily, and competently." *United States v. Lajeunesse*, 85 F.4th 679, 692 (2d Cir. 2023) (cleaned up). "Exceptions to this presumption occupy a very circumscribed area of our jurisprudence." *Id*. (cleaned up).

Hudson argues that his plea agreement was unsupported by consideration because the government gave up nothing in return for his promise to plead guilty. This is incorrect. The government agreed to support a three-level reduction for acceptance of responsibility. As a result, Hudson's Guidelines range went down from 110–120 months to 100–120 months. Hudson thus received something of value in his exchange with the government. *See United States v. Brunetti*, 376 F.3d 93, 95 (2d Cir. 2004) ("[A] *chance* at a reduced sentence" is consideration.).

*United States v. Lutchman*, 910 F.3d 33 (2d Cir. 2018), is not to the contrary. There, we concluded that an appeal waiver was unsupported by consideration because the government's agreement to move for an acceptance-of-responsibility reduction did not affect the Guidelines range, which remained the maximum. *See id.* at 38 ("[T]hose reductions had no practical impact. Even after a three-level reduction to the respective Guidelines ranges advocated by each party, the bottom of the resulting ranges exceed the statutory maximum.").

Hudson does not otherwise argue that this appeal falls outside of the scope of the appeal waiver contained in his plea agreement. We thus grant the government's motion to dismiss.

**III.    Hudson's revocation sentence was procedurally and substantively reasonable.**

In Appeal No. 22-2023, Hudson challenges the sentence imposed for his violation of the terms of his supervised release. The district court determined that Hudson had committed a

Grade B violation and was in Criminal History Category V, yielding a Guidelines range of 18–24 months' imprisonment. The district court sentenced Hudson to 20 months. Hudson argues that the district court erred in imposing that sentence by relying on the fact that his marijuana distribution was a Connecticut felony.

Nothing in the record supports Hudson's assertion. The district court never cited the Connecticut statute when imposing either the revocation or conviction sentence. And, as explained above, Hudson's possession of marijuana with intent to distribute constituted a federal felony. Moreover, enhancements do not apply to revocation Guidelines, so the error that Hudson alleges affected his conviction Guidelines could not have affected his revocation Guidelines. Finally, the district court's statement that distribution of marijuana is a felony is correct, so the district court did not rely on an improper consideration when arriving at its chosen sentence. Hudson's revocation sentence was procedurally sound, and he does not challenge its substantive reasonableness. We therefore affirm the revocation judgment and sentence.

\*　　　　\*　　　　\*

We have considered Hudson's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court in Appeal No. 22-2023 is **AFFIRMED** and the judgment of the district court in Appeal No. 22-2027 is **DISMISSED IN PART** and **AFFIRMED IN REMAINING PART**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6