25-317-cr
*United States v. Fisher*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand twenty-six.

PRESENT:
　　　　ROBERT D. SACK,
　　　　SUSAN L. CARNEY,
　　　　MARIA ARAÚJO KAHN,
　　　　　　*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

　　　　　　*Appellee*,

　　　　v.                                                           25-317-cr

AARON CROSS, ALBARO FELICIANO, EDWIN LOPEZ, AKA ED, OMAR MONTES, JOSHOEL MULLEN, AKA JOSH, RAFAEL VAZQUEZ, AKA RAFI,

　　　　　　*Defendants*,

GAWAYNE FISHER, AKA FRUIT,

*Defendant-Appellant.*

_____

FOR APPELLEE:                                  Natasha M. Freismuth & Elena
                                               Lalli Coronado, Assistant United
                                               States Attorneys, *for* David X.
                                               Sullivan, United States Attorney
                                               for the District of Connecticut,
                                               New Haven, CT.

FOR DEFENDANT-APPELLANT:                        Robert A. Culp, Law Office of
                                               Robert A. Culp, Garrison, NY.

Appeal from a judgment of the United States District Court for the District of Connecticut (Bolden, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 3, 2025, judgment of the district court is **AFFIRMED**.

In 2008, Defendant-Appellant Gawayne Fisher was convicted of several narcotics offenses. He was sentenced to 120 months' imprisonment, followed by 8 years' supervised release. In 2021, Fisher was convicted of assault in the first degree in state court. This assault conviction also violated his terms of supervised release. In response to his violation of supervised release, the district court (Underhill, *J.*) sentenced him to 366 days' imprisonment, followed by 18 months' supervised release.

2

In early 2023, while Fisher was on supervised release for the above violation, a DEA investigation uncovered evidence that he was distributing heroin, fentanyl, cocaine, cocaine base, oxycodone, and Xanax. On April 25, 2023, a federal grand jury charged Fisher with two narcotics offenses.

On January 11, 2024, Fisher pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute 400 grams or more of fentanyl and five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 and one count of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i). Fisher acknowledged in his plea agreement that these new offenses constituted Grade A and Grade B violations of his supervised release.

On January 27, 2025, the district court (Bolden, *J.*) held a combined sentencing proceeding as to the new criminal matter and the violation of supervised release. The district court found that the applicable Guidelines range of imprisonment was 360 months to life for the new criminal matter and 46–57 months for the violation of supervised release. The district court imposed a below-Guidelines sentence: 180 months' imprisonment for the new criminal offenses and a consecutive term of 37 months' imprisonment for the violation of supervised release.

On appeal, Fisher challenges only the sentence imposed pursuant to his violation of supervised release. Fisher claims that the district court committed procedural error by considering retributive purposes during sentencing, in violation of *Esteras v. United States*, 606 U.S. 185 (2025), and by failing to apply a "breach of trust" standard. Fisher also contends that he was deprived of the effective assistance of counsel. We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.

**DISCUSSION**

Ordinarily, this Court reviews the procedural reasonableness of a sentence under a "deferential abuse-of-discretion standard." *United States v. Brooks*, 889 F.3d 95, 100 (2d Cir. 2018) (per curiam) (internal quotation marks omitted). Fisher concedes that he failed to raise these objections during the sentencing hearing, and we accordingly review for plain error, which is the standard of review when the defendant does not object. *See Esteras*, 606 U.S. at 202. Under plain error review, a defendant must establish four elements: "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness,

4

integrity or public reputation of judicial proceedings." *United States v. Davis*, 82 F.4th 190, 196 (2d Cir. 2023) (quoting *United States v. Rosa*, 957 F.3d 113, 117–18 (2d Cir. 2020)).

For the reasons set forth below, we discern no plain error in the district court's imposition of Fisher's sentence for the supervised release violation and decline to resolve the ineffective assistance claim on direct appeal.

## I. Procedural Reasonableness

### A. *Esteras*

18 U.S.C. § 3583(e) provides in relevant part that district courts may, after considering certain factors enumerated at 18 U.S.C. § 3553(a), revoke a term of supervised release and impose a term of imprisonment. In *Esteras*, the Supreme Court held that district courts may not consider the retributive factors set forth at 18 U.S.C. § 3553(a)(2)(A) during proceedings for violations of supervised release. *Esteras*, 606 U.S. at 188. "[W]hen a defendant violates the conditions of his supervised release, it makes sense that a court must consider the *forward-looking* ends of sentencing (deterrence, incapacitation, and rehabilitation), but may not consider the *backward-looking* purpose of retribution." *Id.* at 196. However, *Esteras*'s prohibition applies only to the consideration of retribution with respect

5

to a defendant's underlying offense, *i.e.*, the offense for which supervised release was originally imposed and not the violation of the conditions of the court-ordered supervision: "Because § 3553(a)(2)(A) speaks only to the 'offense,' and 'offense' [in this context] can mean only the underlying criminal conviction," the Supreme Court addressed "only whether § 3583(e) precludes the court from considering retribution for the underlying criminal conviction." *Id.* at 194 n.5.[1]  In addition, where a defendant fails to object during sentencing, "the district court's order revoking supervised release and requiring reimprisonment will be affirmed unless it is clear or obvious that the district court actually relied on § 3553(a)(2)(A)—because it did so either expressly or by unmistakable implication." *Id.* at 202–03 (internal quotation marks omitted).

Here, the district court did not obviously consider retribution under 18 U.S.C. § 3553(a)(2)(A) in sentencing Fisher for his supervised release violation. Although the district court discussed the seriousness of the offense and twice referenced punishment during the sentencing proceeding for both the new offenses and the violation of supervised release, it is not "clear or obvious" that

---

[1] This appeal does not present—and we do not address—the question left open in *Esteras*: whether a sentencing court may permissibly consider retribution with respect to the conduct that constitutes a violation of supervised release. *See id.*

6

those general statements were justifications for the sentence imposed for Fisher's supervised release violation rather than justifications for his sentence in the new criminal matter. *Davis*, 82 F.4th at 197 (quoting *Rosa*, 957 F.3d at 117). The district court's principal sentencing considerations for both sentences were the need for specific and general deterrence, Fisher's age, and Fisher's mental and emotional well-being. These considerations are "forward-looking" and demonstrate that the district court was not clearly seeking to punish Fisher for his prior underlying offenses. *Esteras*, 606 U.S. at 196 (emphasis omitted).

Although it is not in itself determinative, the district court's written statement of reasons as to the sentence imposed for the supervised release violation buttresses this conclusion. There, the district court listed the following factors it considered in revoking Fisher's term of supervised release: the nature of the violation, the sentence imposed for the new criminal offenses, the defendant's age, criminal history, background and characteristics, and the need for deterrence. *See* Statement of Reasons, *United States v. Fisher*, No. 07-cr-120-3 (D. Conn. Feb. 6, 2025), Dkt. No. 481. The district court's exclusion of retributive considerations from its statement of reasons assuages any possible doubts—at least, on plain error review—that the sentence violated *Esteras*. *Cf. United States v. Jones*, 460 F.3d 191,

7

197 (2d Cir. 2006) ("[I]t will generally be helpful to the reviewing court . . . to have the judge's statement of reasons for a sentence outside an applicable guideline conveniently set forth in the written order of judgment and commitment.").

Because the district court did not clearly rely on retribution in sentencing Fisher for his supervised release violation, Fisher fails to establish plain error under *Esteras*.  *See* 606 U.S. at 203.[2]

### B.  Breach of Trust

Fisher claims that the district court plainly erred in imposing the revocation sentence when it centered considerations such as the seriousness of his conduct and his criminal history and, thus, failed to conduct the required inquiry into the breach of the court's trust.  *See* U.S.S.G. Ch. 7, Pt. A, introductory cmt. 3(b) (Nov. 2025) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.").

That contention is belied by the record.  The district court relied on Fisher's accumulated supervised release violations insofar as they related to the need for

---

[2] For the same reason, Fisher's *Esteras* challenge would fail even if we were to apply relaxed plain error review.  *See United States v. Haverkamp*, 958 F.3d 145, 150 (2d Cir. 2020) ("Applying relaxed plain error review requires the appellant to demonstrate that there is an error, and that the error is clear and obvious.").

specific deterrence and the goal of facilitating his transition "between incarceration and freedom." *Rico v. United States*, 146 S. Ct. 947, 951 (2026). The court asked him directly, "[w]hat is a sentence that is finally enough for you to get the message, look, I can't be doing this anymore?" Defendant's App'x at 178; *see also id.* at 181 ("[M]y hope is that . . . you will be able to get out and figure out how you can live a life that is not connected to the criminal activity you have been so engaged in."). That discussion and those stated goals demonstrate that the district court considered, in substance, the breach of trust principle. *See Rita v. United States*, 551 U.S. 338, 359 (2007) (explaining that "context and the record" can render a sentencing judge's explanation adequate even if "the judge might have said more"); *see also United States v. Fleming*, 397 F.3d 95, 100 (2d Cir. 2005) ("[W]e continue to believe that no specific verbal formulations should be prescribed to demonstrate the adequate discharge of the duty to 'consider' matters relevant to sentencing."). Therefore, the district court did not err, much less plainly err, in pronouncing Fisher's sentence.

## II. Ineffective Assistance

We have a "baseline aversion to resolving ineffectiveness claims on direct review," particularly where there is a claim that is not fully developed in the

record.  *United States v. Yauri*, 559 F.3d 130, 132 (2d Cir. 2009) (internal quotation marks omitted).  This aversion applies even where ineffective assistance claims are based on alleged conflicts of interest.  *See United States v. DeLaura*, 858 F.3d 738, 743–44 (2d Cir. 2017).

We conclude that the record is not sufficiently developed for the resolution of Fisher's ineffective assistance claim.  It is not clear how Attorney Frank Riccio's prior representation of Fisher conflicted with Fisher's interests as to "a material factual or legal issue or to a course of action" in the present matter.  *United States v. Moree*, 220 F.3d 65, 69 (2d Cir. 2000) (quoting *Winkler v. Keane*, 7 F.3d 304, 307 (2d Cir. 1993)).  Likewise, Fisher has not clearly articulated how Attorney Michael Dolan's representation of Fisher was constitutionally deficient or what "plausible alternative defense strategy or tactic might have been pursued."  *Winkler*, 7 F.3d at 309 (quoting *United States v. Gambino*, 864 F.2d 1064, 1070 (3d Cir. 1988)).  Fisher may pursue his ineffective assistance claim via a collateral proceeding under 28 U.S.C. § 2255.  *See United States v. Doe*, 365 F.3d 150, 152, 154 (2d Cir. 2004).

We have considered the parties' remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

10